UNITED STATES, Appellee

v

WILLIAM H. ZUNINO, Private First Class,
U. S. Army, Appellant

15 USCMA 179, 35 CMR 151

No. 17,893

December 18, 1964

*Captain Thomas E. Towe* argued the cause for Appellant, Accused. With him on the brief were *Major George O. Taylor, Jr.,* and *Colonel Joseph L. Chalk.*

*First Lieutenant Joseph H. Crosby* argued the cause for Appellee, United States. With him on the brief were *Colonel Edwin G. Schuck* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

KILDAY, Judge:

The accused was tried in Okinawa by a general court-martial on charges of one specification of absence without leave, six specifications of larceny, one specification of burglary, and five specifications of housebreaking, in violation of Articles 86, 121, 129 and 130, Uniform Code of Military Justice, 10 USC §§ 886, 921, 929 and 930, respectively. He pleaded guilty to a shorter period of unauthorized absence and not guilty to all other charges and specifications. Convicted of all offenses as charged, the accused was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for eight years, and reduction to the lowest enlisted grade.

The convening authority approved the findings and sentence but an Army board of review reversed and dismissed the larceny, burglary, and housebreaking offenses. It reassessed

the sentence on the remaining affirmed finding of absence without leave and reduced the punishment to a bad-conduct discharge, total forfeitures, confinement at hard labor for one year, and reduction to the lowest enlisted grade.

We granted the accused's petition for review to consider whether:

The board of review erred in not returning the case for a rehearing on the sentence so that a fair and just sentence could be determined by persons uninfluenced by the additional charges which had been dismissed.

The legal issue presented by this assignment was effectively settled by the Supreme Court in Jackson v Taylor, 353 US 569, 1 L ed 2d 1045, 77 S Ct 1027 (1957), and the companion case of Fowler v Wilkinson, 353 US 583, 1 L ed 2d 1054, 77 S Ct 1035 (1957). In those cases, each of the accused was found guilty of the separate offenses of premeditated murder and attempted rape and each was sentenced to life imprisonment. An Army board of review, after setting aside their convictions on the murder charge, sustained the convictions of attempted rape and reduced the sentence in each case to twenty years imprisonment, which is the maximum sentence under the Code for that offense. The Court sustained the board's action as being authorized under Article 66(c), Uniform Code of Military Justice, 10 USC § 866. In so doing, the Court, in *Jackson*, rejected a claim, similar to that advanced here, that the board of review should not have imposed the maximum sentence for attempted rape because the court-martial might have imposed a lesser sentence had it considered the matter initially.

". . . The argument . . . is based on pure conjecture. No one could say what sentence the court-martial would have imposed if it had found petitioner guilty only of attempted rape. But Congress avoided the necessity for conjecture and speculation by placing authority in the board of review to correct not only the findings as to guilt but the sentence as well." [Jackson v Taylor, supra, at page 578.]

In line therewith we held in United States v Christopher, 13 USCMA 231, 32 CMR 231, that while a board of review is not barred from remanding *an appropriate case* for a rehearing on sentence, if such action be deemed the proper course, it is under no mandatory requirement to do so. The question before us then is whether this was an appropriate case.

At the time of its action, the board noted, with some displeasure, that accused had already served approximately one month more than the maximum period of confinement which could be approved for the remaining offense, in addition to ninety-eight days in pretrial confinement. This was due to a 250-day delay from the date of trial until the completion of the staff judge advocate's review and the convening authority's action. The board found this delay inordinately long but held that the staff judge advocate's explanation negated the accused's claim of error therein. It found the maximum imposable punishment for this offense correct *in law and in fact* but was of the opinion that, under the circumstances of the case, a bad-conduct discharge was a more appropriate mode of separation from the service for this accused. As a practical matter, the only real question before the board for its consideration was whether the accused's offense, absence without leave while on duty in Okinawa, was of such a nature as to warrant a punitive separation. It decided as a matter of fact that it was.

We are not disposed to say that this decision is inappropriate as a matter of law. United States v Christopher, supra. For the reason set forth in his separate opinion in the cited case, Judge Ferguson concurs. In addition, it should be noted that subsequent to the board's decision, the Secretary of the Army disapproved a request for restoration to duty and promulgated an order directing that the accused be separated from the service with an undesirable discharge in lieu of the bad-conduct discharge approved by the board.

180

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.