**UNITED STATES, Appellant**

v

**JOHN B. TUTEN, Airman Apprentice, U. S. Navy, Appellee**

15 USCMA 387, 35 CMR 359

No. 18,485

May 14, 1965

*Major Daniel F. McConnell,* USMC, argued the cause for Appellant, United States.

*Lieutenant Craig F. Swoboda,* USNR, argued the cause for Appellee, Accused.

### Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused pleaded guilty to charges of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and failure to obey a lawful order, in violation of Code, *supra,* Article 92, 10 USC § 892. He was duly convicted and sentenced to bad-conduct discharge, confinement at hard labor for six months, forfeiture of $50.00 per month for six months, and reduction. The convening and supervisory authorities ap-

**387**

proved the sentence, but the board of review, finding a previous conviction had been erroneously admitted in evidence, reassessed the punishment imposed and approved below, affirming only so much thereof as provided for confinement at hard labor for five months, forfeiture of $50.00 per month for a like period, and reduction. The Judge Advocate General of the Navy has certified the correctness of that action upon the following inquiry:

"Was the board of review correct in holding that, under the circumstances of this case, the admission into evidence of Prosecution Exhibit 3 constituted prejudicial error?"

The board of review found admission of the previous conviction with which we are concerned to be erroneous on the basis that the "court memorandum" setting such forth and recording the circumstances did not include the date of the offense involved, although it was required to be set down by pertinent Navy regulations. It concluded, therefore, that the document admitted was taken "out from the exception to the hearsay rule for official documents" as it "had not been prepared in the manner required by regulation." In so acting, it relied upon our decision in United States v Parlier, 1 USCMA 433, 4 CMR 25. The record otherwise shows that this eighteen-year-old accused was serving in his initial enlistment in the Navy and that his obligation to the service commenced on March 26, 1963. Further, it establishes that the prosecution and the defense stipulated the exhibit in question into evidence, along with other pertinent documents, as "properly authenticated extracts from the official service record of the accused."

In United States v Parlier, supra, this Court dealt at length with the admissibility of an extract copy of a morning report which purported to establish the inception of the accused's alleged absence without leave. The record also demonstrated that the original morning report had not been signed by the appropriate officer, whose signature was required under then current regulations in order to authenticate it as an official record. Defense counsel objected to its reception in evidence on the basis that it was not signed and, hence, under the terms of the applicable regulation, was not an official record. We reversed, declaring, at page 435:

". . . It must be recognized that an offered document may belong to a general category admittedly acceptable under the official statements exception to the hearsay rule, yet in the particular case it may be inadmissible for any one of a variety of reasons. See Wigmore, Evidence, supra, § 1637. Certainly it must be genuinely what it purports to be. It must indeed be authentic and, unless waived, it must be formally authenticated. See Manual for Courts-Martial, supra, paragraph 143b, page 261. It must be an *official* document. See Wigmore, Evidence, supra, § 1672. . . .

"It thus appears that a legal principle of general acceptance requires authentication of the genuineness of an offered official record. Additionally—and more specifically—it is apparent that Army regulations demand a certain sort of authentication in the case of an original morning report. The morning report extract copy proffered in the instant case . . . does not reflect authentication of that original in conformity with Army regulations."

It will be seen, therefore, that in the *Parlier* case, the Court found the original document involved was not admissible in evidence because the failure to authenticate the entry therein, in accordance with applicable regulations, took it outside the official records exception to the hearsay rule. In short, it was not shown to be an official record. Here, however, the stipulation between the parties expressly concludes such question, for it agrees the exhibit is a duly authenticated extract of the accused's official service record. And a mere irregularity or omission in the original entry of a fact required to be recorded does not of itself place the record outside the exception to the rule and make it incompetent hearsay.

United States v Masusock, 1 USCMA 32, 1 CMR 32; United States v Creamer, 1 USCMA 267, 3 CMR 1; compare United States v Anderten, 4 USCMA 354, 15 CMR 354, and United States v Phillips, 3 USCMA 557, 13 CMR 113.

From the foregoing, therefore, it is obvious the board erred in concluding that the failure to enter the date of the previous conviction in accused's service record, the extract of which was stipulated to be authentic, rendered the document "unofficial" and inadmissible hearsay. Such omission does not go "to the execution of the documents," United States v Anderten, supra, at page 359, and would tend only to affect their weight. United States v Phillips, supra. The real issue presented by the omission is whether the ▆▆▆▆▆▆ previous conviction proven by such evidence is competent matter in aggravation in light of the absence of the date of its commission, and, thus, a failure to demonstrate it occurred during accused's current enlistment and within three years of a crime of which he stands convicted at this trial. See Manual for Courts-Martial, United States, 1951, paragraph 75b(2). Again, under the circumstances presented in this record, the matter is easily resolved, for it is otherwise reflected that accused was serving on his initial enlistment in the Navy for a period of four years, and that such obligation commenced in March 1963. The offenses for which he was tried both occurred in September 1964. Hence, it is clear beyond cavil that the previous conviction occurred "during a current enlistment, . . . and during the three years next preceding the commission of any offense of which the accused stands convicted." Id., paragraph 75b(2). It was accordingly proper for the court-martial to consider it in relation to determining an appropriate penalty in this case.

On this record, therefore, we find the action of the board of review incorrect and answer the certified question in the negative. We cannot leave this matter, however, without adverting to the importance of complying with applicable regulations and the law regarding entries in official records. Cf. United States v Anderten, supra. On oral argument, the Court was informed that nineteen other cases are pending in the office of The Judge Advocate General of the Navy which involve infirmities of a nature similar to the one here presented. The duty of an officer of the Government to know and record the matters contained in official records is an important responsibility whose careful exercise gave rise to that degree of reliability which accorded such documents the status of an exception to the hearsay rule. It is unfortunate to hear of a departure from the usual standard of compliance in such a large number of instances and, as dependent as are all bodies, judicial and otherwise, on the authenticity and completeness of such entries, we trust and hope that care will be taken in the future to insure meticulous completion of entries in such a manner as not to cast doubt upon their acceptability.

The certified question is answered in the negative. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy, for further review by the board of review in accordance with this opinion.

Chief Judge QUINN and Judge KILDAY concur.