UNITED STATES, Appellant

v

MARTIN E. TURNER, Lance Corporal,
U. S. Marine Corps, Appellee

15 USCMA 438, 35 CMR 410

No. 18,588

June 25, 1965

*Major Daniel F. McConnell*, USMC, was on the brief for Appellant, United States.

*Lieutenant Craig. F. Swoboda*, USNR, was on the brief for Appellee, Accused.

## Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused stands before us convicted of a seven-hour absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and failure to obey a lawful order to return to his barracks, in violation of Code, supra, Article 92, 10 USC § 892. The board of review, considering the entire record and, *inter alia*, that one of the accused's previous convictions was not properly established by the evidence, disapproved an adjudged bad-conduct discharge and affirmed only so much of the sentence as provided for confinement at hard labor for three months, forfeiture of $35.00 per month for three months, and reduction. The Acting The Judge Advocate General of the Navy certified its decision to this Court upon the following question:

"Was the board of review correct in holding that, under the circumstances of this case, the admission of Prosecution Exhibit 2 constituted prejudicial error?"

The board noted that Prosecution Exhibit 2, a certified extract of accused's service record book purporting to establish a previous conviction of an undated offense by summary

438

court-martial on October 23, 1963, "should not have been considered by the court-martial," citing its previous unpublished holdings in United States v Feltner, NCM 64–0967, and United States v Tuten, NCM 64–01414, *reversed*, 15 USCMA 387, 35 CMR 359. It further noted accused's other prior conviction and imposition of nonjudicial punishment on a number of occasions and balanced such factors against his service medals, including the Good Conduct Medal, attendance at a number of service schools, testimony that he was a "good workman, trustworthy and efficient," and more than fifteen years' active service. On the whole, the board concluded the sentence "is inappropriately harsh as to this offender," and reduced it accordingly.

In light of the foregoing, we do not reach the issue presented by the certificate. The exercise by a board of review of its discretionary and fact-finding function of determining the appropriateness of an adjudged sentence may not be utilized as a basis for creating a certified question reviewable by this Court. United States v Bedgood, 12 USCMA 16, 30 CMR 16; United States v Armbruster, 11 USCMA 596, 29 CMR 412. The board of review's opinion indicates that its action "was taken unambiguously on the basis of the whole record and is safely within the ambit of its plenary authority to determine anew the appropriateness of the sentence." United States v Higbie, 12 USCMA 298, 300, 30 CMR 298, 300. And, as was stated in the last cited case, at page 300:

". . . In short, where a board of review bases a determination of appropriateness of sentence upon the entire record, one of the many factors it considered may not be dissected out in order to have us pass upon a certified issue, the answer to which cannot affect the board's ultimate decision."

Thus, although we reversed the board's earlier decision in *Tuten*, supra, we need not consider the validity of the distinctions between that case and the record before us, as urged by appellate defense counsel. The area is simply one, in the circumstances, of appropriateness into which we do not inquire. United States v Higbie, supra.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.