UNITED STATES, Appellee

v

JIMMIE D. MARSHALL, Private, U. S. Marine Corps, Appellant

15 USCMA 475, 35 CMR 447

[black bars redacting content]

No. 18,533

July 9, 1965

[black bars redacting content]

*Major Brian B. Kent,* USMC, argued the cause for Appellant, Accused.
*Major Daniel F. McConnell,* USMC, argued the cause for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

The accused entered the Marine Corps in November 1960. He was seventeen years of age. The record before us shows that as time went on his conduct deteriorated, and he compiled an unenviable record of administrative punishments and court-martial convictions. He now stands convicted of using disrespectful language toward a superior noncommissioned officer in the execution of his office, in violation of Article 91, Uniform Code of Military Justice, 10 USC § 891; and his sentence includes a bad-conduct discharge.

At trial, the accused was arraigned on two charges. The first, to which he pleaded guilty, was the disrespect charge; the second, to which he pleaded not guilty, alleged the failure to obey an order prohibiting possession of alcoholic beverages in the barracks, in violation of Article 92 of the Uniform

Code, supra, 10 USC § 892. Testifying in his own behalf, the accused denied knowledge of the existence of the order. Trial counsel cross-examined him about a previous conviction for a like offense; and a court member questioned him about his knowledge of similar orders at stations at which he served. He was convicted as charged. During the sentence proceedings, evidence of three previous convictions was admitted against him. The court imposed the maximum sentence authorized for a special court-martial, that is, a bad-conduct discharge, confinement at hard labor for six months, and partial forfeiture of pay for the same period.

On review, the convening authority held trial counsel's cross-examination and the court member's questioning of the accused constituted prejudicial error. He disapproved the findings of guilty of the order offense, and reas-

476

sessed the sentence by reducing the period of confinement and forfeitures to three months. His action was affirmed by the general court-martial authority and the board of review.

The disrespect offense of which the accused stands convicted carries a maximum punishment of confinement and partial forfeitures for three months. Table of Maximum Punishments, Manual for Courts-Martial, United States, 1951, paragraph 127c, Section A, at page 219. The bad-conduct discharge is authorized only as "additional" punishment because of the previous convictions. *Id.*, Section B, at page 228. Only one of these convictions is in issue. The record of this conviction shows that on April 22, 1963, the accused was found guilty by a summary court-martial of attempted assault and the violation of an order prohibiting "consumption of alcoholic beverages on military post." Although required by regulation, the record does not show the date of the commission of each of the offenses.

Under the Manual for Courts-Martial, supra, a previous conviction is competent evidence for sentence purposes only if the offense was committed within a current enlistment and "during the three years next preceding the commission of any offense of which the accused stands convicted." *Id.*, paragraph 75b(2), at page 119. To show conformance with the three-year requirement, service regulations require that the official record reflect the date the previous offense was committed. See Marine Corps Personnel Manual, paragraph 15117.2b(1). In United States v Tuten, 15 USCMA 387, 35 CMR 359, we held that the failure to comply with the regulation does not destroy the competency of the official record to show the previous conviction; and it is sufficient to satisfy the Manual requirement if it otherwise appears from the record of trial that the previous offense was committed within three years of the crime for which the accused stands convicted. In *Tuten*, the personal data from the charge sheet, which was in evidence, showed the accused had enlisted in March 1963. The offense for which he then stood convicted

had been committed in September 1964. It was, therefore, "clear beyond cavil that the previous conviction occurred" within the prescribed period of three years. *Id.*, page 389. In this case, these items of evidence would require a different conclusion.

The charge sheet indicates the accused entered the Marine Corps in November 1960. The offenses for which he was convicted at this trial were both committed in August 1964. The interval between the two is three years and nine months. There is at least a fair possibility, therefore, that the previous offenses were committed more than three years before those for which the accused was to be sentenced. The Government contends, however, that other evidence closes the time gap to permissible limits. Its argument relies upon the presumption of regularity in the performance of official duty.

On September 21, 1961, the accused committed an assault and battery. He was convicted of the offense on October 24, 1961. The Government argues that since the accused was convicted for the offenses in question on April 22, 1963, the presumption of regularity requires the conclusion that the latter offenses were committed after the September 1961 offense was referred to trial. The core of the argument is that the Uniform Code of Military Justice and the Manual for Courts-Martial contemplate expeditious disposition of charges, with the latter particularly enjoining that an accused be tried at one time for all *known* offenses. See, Manual for Courts-Martial, supra, paragraphs 30f, 32c; United States v Showalter, 15 USCMA 410, 413, 35 CMR 382; United States v Keith, 1 USCMA 442, 448, 4 CMR 34. Whatever merit the argument may have in other circumstances, it has no place here, because the factual predicate for the presumption is missing. So far as the evidence shows, the offenses may have been committed before the September 21, 1961, offense, but were not known to the convening authority when he referred the latter charge to trial. See United States v Valli, 7 USCMA 60, 67, 21 CMR 186.

One part of the accused's testimony on the merits serves to date the offenses in question. After admitting under trial counsel's cross-examination that he had previously been convicted for "possessing alcohol in the barracks," the accused testified that this offense was committed when he was stationed in Da Nang, Republic of Vietnam. The accused's organization at that time was the same as the unit shown in the record of conviction for offenses committed in June 1963. These offenses were also committed in Da Nang. The logical inference is that both convictions were by a court-martial convened in Vietnam; and that the accused served in that country after his conviction at Camp Lejeune, North Carolina, in October 1961. As a result, the offenses in issue clearly appear to have been committed within the required three-year period. See United States v Lovell, 7 USCMA 445, 22 CMR 235. The question, however, is whether we can properly consider the accused's testimony. The convening authority has determined that trial counsel's recourse to the evidence of the previous conviction in his cross-examination of the accused constituted prejudicial error. As we view the determination, it requires us to disregard the dependent testimony by the accused. The testimony was given in elaboration of evidence admitted for a limited purpose and itself improper. United States v Sessions, 10 USCMA 383, 388, 27 CMR 457. Without the accused's testimony, there is insufficient evidence to show that the offenses for which the accused was tried in April 1963 were committed within the three-year period of limitations.

When the case was before the board of review, a majority concluded that even if the previous conviction was inadmissible, the matter was "de minimis." Two factors militate against this conclusion. First, one of the offenses included in the conviction was exactly the same as the one to which the accused pleaded not guilty. A repeater is likely to be treated with less leniency than one who has committed the offense for the first time. Secondly, on the convening authority's disapproval of the findings of guilty, the previous convictions assumed transcendental importance in that they provided the legal authority for the bad-conduct discharge. The prejudicial effect of an error affecting the validity of the discharge is normally purged either by disapproval of the discharge or by a rehearing on the sentence. United States v White, 14 USCMA 610, 34 CMR 390; United States v Fowle, 7 USCMA 349, 22 CMR 139. See also United States v Geter, 15 USCMA 209, 35 CMR 181. Cf. United States v Zunino, 15 USCMA 179, 35 CMR 151.

The decision of the board of review as to the sentence is set aside. The record of trial is returned to the board of review. In its discretion, it may reassess the sentence without the bad-conduct discharge or direct a rehearing on the sentence.

Judges FERGUSON and KILDAY concur.