UNITED STATES, Appellee

v

JOSEPH SCOTT, JR., Corporal, U. S. Army, Appellant

21 USCMA 154, 44 CMR 208

No. 24,282

January 14, 1972

*Captain David D. Knoll* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr.,* and *Captain Bernard J. Casey.*

*Captain Richard L. Menson* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Lieutenant Colonel Ronald M. Holdaway.*

## Opinion of the Court

DARDEN, Chief Judge:

A day of drinking ended with Corporal Scott's knifing a fellow soldier. A special court-martial found Scott guilty of assault with a dangerous weapon, an offense included within the original charge of assault by intentionally inflicting grievous bodily harm. The court found him not guilty of another charge alleging the wrongful possession of marihuana.

For sentencing purposes, the prosecution introduced the record of a prior special court-martial conviction for two assaults (Prosecution Exhibit 6) and the records of two Article 15 punishments, one for failing to go to an appointed place of duty (Prosecution Exhibit 8) and the other for willful destruction of private property and two assaults (Prosecution Exhibit 7). The military judge later sentenced the

154

appellant to a bad-conduct discharge without confinement or forfeitures, with this explanation:

". . . Now, the imposition of the bad conduct discharge is based solely on the facts and circumstances of this case, the previous conviction of assault by a special court-martial, and the Article 15s administered for two assaults. That conduct cannot be tolerated from a professional soldier. Now, in view of your separation from your family, your decoration for heorism [sic], your combat record, your past honorable service to your country and the pretrial confinement of approximately two and one-half months, I have not adjudged any other punishment in the case."

The Court of Military Review noted that Prosecution Exhibit 7 was inadmissible, since at the time of sentencing it should not have been retained in the appellant's records. See United States v Cohan, 20 USCMA 469, 43 CMR 309 (1971). Despite the error, the Court of Military Review affirmed the sentence because of the court's opinion that the error had an "imperceptible effect upon the military judge's determination." The correctness of that holding is the subject of this opinion.

Assessing the effect of erroneously admitted records of nonjudicial punishment on a sentence depends on such considerations as the nature of the basic charges, the availability of records of other admissible prior convictions, the seriousness of the conduct that resulted in the inadmissible evidence, the extent of extenuating or mitigating evidence, and the severity of the sentence adjudged. United States v Montgomery, 20 USCMA 35, 42 CMR 227 (1970). After evaluating such factors as these, we found that introduction of ·inadmissible records had a negligible effect on the sentence in United States v Montgomery, supra; in United States v Cohan, supra; and in United States v Flowers, 19 USCMA 473, 42 CMR 75 (1970). The Court of Military Review noticed those ·decisions in this case.[1]

But in the instant case two additional circumstances obtain: (1) the sentence imposed consists of a bad-conduct discharge alone, and (2) the military judge specifically announced that he was giving effect to the evidence later found inadmissible in his assessment of a just and adequate sentence.

If a sentence includes a punitive ·discharge, confinement, and forfeitures, the latter kinds of punishment are more likely to be increased by the court's considering records of nonjudicial punishment that are inadmissible for this purpose, assuming that such records influenced the sentence. In such instances the effect of the records on the sentence *as a whole* may be so inconsequential that it can be disregarded. When, however, the sentence consists of a bad-conduct ·discharge alone and the military judge announces his reliance on the evidence that he should not have known about, we ·can have no assurance that his determination of the sentence was unaffected by that evidence. Considering the several mitigating circumstances the judge enumerated, we cannot reasonably assume that elimination of one of the sentence's aggravating factors would not have resulted in a ·different and less severe sentence. Cf. United States v Christopher, 13 USCMA 231, 32 CMR 231 (1962).

[1] See also United States v Taylor, 19 USCMA 475, 42 CMR 77 (1970); United States v Redd, 19 USCMA 477, 42 CMR 79 (1970); United States v Young, 19 USCMA 481, 42 CMR 83 (1970); United States v Mainard, 19 USCMA 488, 42 CMR 90 (1970); United States v Delprado, 19 USCMA 489, 42 CMR 91 (1970); United States v Gauthier, 19 USCMA 482, 42 CMR 84 (1970); United States v Tipton, 19 USCMA 483, 42 CMR 85 (1970); and United States v Alicea, 19 USCMA 485, 42 CMR 87 (1970).

We reverse the decision of the Court of Military Review as to sentence and return the record of trial to the Judge Advocate General of the Army for a rehearing on the sentence.

Judges QUINN and DUNCAN concur.