UNITED STATES, Appellee,

v.

Specialist Four David W. EDWARDS,
SSN 449–04–1324, United States
Army, Appellant.

CM 435500.

U. S. Army Court of Military Review.

28 July 1977.

Captain John M. Zoscak, Jr, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Larry D. Anderson, JAGC.

Captain Dana C. McCue, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Captain Gary F. Thorne, JAGC.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant, contrary to his plea, was convicted by a bench trial general court-martial of wrongful possession of heroin in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.

On the night in question, German police, accompanied by American military authorities, waited outside a Munich apartment building for two black Americans. These individuals, according to an unidentified and previously unutilized informant, who so described them, were to arrive from Nuremberg or Fuerth to buy heroin from one Helga Kruger, who lived in the apartment complex. Specialist Edwards and a co-accused arrived in a Volkswagen with Fuerth license plates, which they parked on the street, and entered the apartment building. Appellant and his companion subsequently left the apartment complex and returned to their car. There they were stopped, then apprehended and immediately taken to a nearby police station and searched by German police. The search produced no heroin, although a white powdery substance was found on the co-accused's fingers. Two German policemen returned to the arrest scene and found a package of heroin wrapped in blue paper lying on the street near the curb and under the Volkswagen. Helga Kruger testified that this paper was similar to that upon which she wrote letters and it was available to appellant and his companion when she sold them heroin in her apartment within two hours of their apprehension. The heroin was admitted into evidence over the objection of appellant's trial defense counsel.

## I

Appellant contends that his apprehension was without probable cause; therefore, any search incident thereto was invalid.[1] The Government, on the other hand, argues that, even assuming an unlawful arrest (under Federal constitutional standards) by the German authorities, the heroin was voluntarily abandoned prior to appellant's apprehension.

We find that, when the police emerged from their stakeout and called to the suspects to halt, the heroin was promptly discarded. The issue before us, then, is whether the initial activity by the police, which precipitated the discarding of the heroin, was legal under American standards. If so, the property was abandoned and subject to seizure without probable cause.[2] If the police activity was illegal, then no voluntary abandonment occurred.[3]

The United States Supreme Court has determined "that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). As Mr. Justice Rehnquist stated in *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972), "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape." *See United States v. Saldana*, 453 F.2d 352 (10th Cir. 1972), and cases cited therein. It is of no moment that the reasonable cause for a stop is information supplied by another person rather than personal observation of suspicious activity by the police. *Adams v. Williams, supra.*

In the instant case, while the police may not have had probable cause to apprehend appellant and his companion, they did have the requisite reasonable cause

1. Because trial occurred after 12 March 1976 and American officials were present at the scene of this foreign search, the search must satisfy Fourth Amendment standards before its fruits can be admitted into evidence before a court-martial. *United States v. Jordan*, 24 U.S. C.M.A. 156, 51 C.M.R. 375, 1 M.J. 334 (1976).

2. When a defendant has abandoned property, he cannot then claim that his constitutional rights have been violated by the police in pick-

ing it up. *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924).

3. *See Fletcher v. Wainwright*, 399 F.2d 62 (5th Cir. 1968); *Moss v. Cox*, 311 F.Supp. 1245 (E.D.Va.1970), and *United States v. Swinson*, 48 C.M.R. 197 (A.F.C.M.R. 1974). In these cases the courts did not find a voluntary abandonment where such abandonment was the result of pressure exerted by illegal police activity.

to stop them. That response to the informant's tip was entirely appropriate. As the heroin was discarded pursuant to the police stop and prior to the apprehension,[4] the recovery of the heroin by the German police was not the result of an unlawful search in the Fourth Amendment sense, but a recovery of abandoned property. In this instance, the heroin was abandoned in a public street as much as if it had been discarded in a public wastepaper basket. There is nothing illegal in the police seizure of property in this situation. *United States v. Abel*, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *United States v. Perkins*, 47 C.M.R. 259 (A.F.C.M.R. 1973), *pet. denied*, 22 U.S.C.M.A. 635, 48 C.M.R. 1000 (A.F. C.M.R.1973).. Accordingly, we find no error in the military judge's refusal to exclude the heroin from evidence.

## II

Appellant also assigns as error the staff judge advocate's inclusion in the post-trial review of details that were not mentioned by the informant. These extraneous facts, according to appellant, erroneously provided a basis for the convening authority to find probable cause for appellant's apprehension and the subsequent search. Because we found appellant's abandonment of the heroin in question was voluntary and occurred prior to any police activity that could be characterized as unlawful, the legality of appellant's apprehension is irrelevant. Accordingly, we find no prejudice to appellant from any error in this respect the staff judge advocate may have made.[5]

## III

■ The staff judge advocate advised the convening authority in the post-trial review that the maximum sentence included a ten-year period of confinement. This was error. Because this case was tried after 2 July 1976, the correct maximum confinement was two years. *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977). The record of trial is silent as to what the trial judge considered the maximum imposable period of confinement. We find it not unreasonable to believe that, with the controversy over the meaning of the decision in *United States v. Courtney*, 1 M.J. 438 (1976), unresolved at the time of trial, he also believed that ten years was the correct maximum confinement. Any prejudice may be eliminated by reassessment of the sentence. *See United States v. Zunino*, 15 U.S.C.M.A. 179, 35 C.M.R. 151 (1964); *United States v. Christopher*, 13 U.S.C.M.A. 231, 32 C.M.R. 231 (1962); *cf. United States v. Timberlake*, 22 U.S.C.M.A. 117, 46 C.M.R. 117 (1973).

■ The findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.[6]

Senior Judge COOK and Judge DeFORD concur.

---

4. Calling for suspects to halt or saying "Stop, police" or words to that effect does not constitute an apprehension. *See United States v. Kinane*, 1 M.J. 309, 313 (1976), wherein the Court of Military Appeals expressly rejected the concept that temporary detention in and of itself, constitutes notification of custodial arrest.

5. Trial defense counsel made no comments about this or any other aspect of the post-trial review when he had the opportunity to do so pursuant to the requirement of *United States v.*

*Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). This indicates that he did not perceive any prejudice to his client. Under these circumstances, but for our desire to pursue our findings to their logical conclusion, we would have disposed of this issue by finding that counsel's failure to respond waived any error involved. *Goode, supra; United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R. 16 July 1976) (En banc).

6. The approved sentence included confinement at hard labor for 18 months.