UNITED STATES, Appellee,

v.

Larry M. DUKES, Private E–1 U.S. Army, Appellant.

No. 33,859.
SPCM 12430.

U. S. Court of Military Appeals.

May 8, 1978.

*Captain Larry C. Schafer* argued the cause for Appellant, Accused. With him on the brief were *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain Demmon F. Canner,* and *Captain Buren R. Shields, III.*

*Captain Clement L. Hyland* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major John T. Sherwood, Jr., Major Steven M. Werner, Captain Laurence M. Huffman, Captain Dana C. McCue,* and *Captain Gary F. Thorne.*

FLETCHER, Chief Judge:

On October 6, 1976, the appellant was found guilty, consistent with his pleas, of the single offense of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.[1] He was sentenced by the special court-martial military judge to a bad conduct discharge and confinement at hard labor for 30 days. The convening authority approved the sentence as adjudged.

At this court-martial the government introduced, in accordance with Paragraph 75*d*, Manual for Courts-Martial, United States, 1969 (Revised edition), two records of non-judicial punishment for consideration by the military judge in arriving at an appropriate sentence for the appellant. Prosecution Exhibit 2 reflected command discipline against the appellant on January 21, 1976, for an absence of 40 minutes from his place of duty.[2] Prosecution Exhibit 3 evidenced a similar non-judicial punishment on September 10, 1975, for an unauthorized absence of 14 days.[3] The Army Court of Military Review specifically found that Prosecution Exhibit 2 had been erroneously admitted into evidence because the specification therein failed to state an offense under the Uniform Code of Military Justice.[4] Nevertheless, the court concluded:

> However in view of the relatively light sentence adjudged, we find no fair risk of prejudice to the appellant from this error.

It is to this legal determination of a lack of prejudice that we devote our attention.

Article 67(d), Uniform Code of Military Justice, 10 U.S.C. § 867(d), states:

> In any case reviewed by it, the Court of Military Appeals may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Military Review.

The government suggested in its initial brief that our previous opinions[5] have established the long standing policy of refraining from review of sentence reassessments by the Courts of Military Review. Indeed, with respect to their unique fact finding power, we have done so and, will likewise continue to avoid evaluating appropriateness determinations for particular

---

1. The duration of this absence was 49 days from July 12, 1976, to August 30, 1976.

2. This absence had occurred on January 15, 1976.

3. This absence began on August 26, 1975, and was terminated on September 9, 1975.

4. No lack of authority was alleged in the specification under Article 86, Uniform Code of Military Justice.

5. *United States v. Maze,* 21 U.S.C.M.A. 260, 262, 45 C.M.R. 34, 36 (1972); *United States v. Turner,* 15 U.S.C.M.A. 438, 35 C.M.R. 410 (1965).

courts-martial sentences.[6] Nevertheless, consistent with our statutory responsibility we must continue to review, as a matter of law, sentence affirmations based on legal determinations by the Courts of Military Review of a lack of prejudice resulting from acknowledged errors in the sentencing process.[7] Moreover, if prejudicial error is found, this court may determine whether the corrective action, if any, taken by the lower appellate bodies is sufficient as a matter of law to cure the error. *United States v. Reed*, 1 M.J. 166, n. 4 (C.M.A. 1975). Finally, reassessment of sentence may be properly reviewed by this court to prevent obvious miscarriages of justice or abuses of discretion. *Cf. United States v. Voorhees*, 4 U.S.C.M.A. 509, 543–44, 16 C.M.R. 83, 117–18 (1954). Accordingly, it is from these multiple postures that we must test the special finding of no prejudice by the Army Court of Military Review and its general affirmance of the sentence in the appellant's case.

In the present case the Court of Military Review found "no fair risk of prejudice" to the appellant from the erroneous admission of the non-judicial punishment because of the relatively light sentence which he received. A simple comparison between the maximum sentence which could have been awarded at the court-martial and that which he received does not alone provide adequate and reasonable assurance that an accused would not have received a different and even less severe sentence. *See United States v. March*, 19 U.S.C.M.A. 476, 42 C.M.R. 78 (1970); *United States v. Mallard*, 19 U.S.C.M.A. 457, 42 C.M.R. 59 (1970). *See also United States v. Alicea*, 19 U.S.C.M.A. 485, 42 C.M.R. 87 (1970); *United States v. Tipton*, 19 U.S.C.M.A. 483, 42 C.M.R. 85 (1970); *United States v. Flowers*, 19 U.S.C.M.A. 473, 42

C.M.R. 75 (1970). Apart from this questionable classification of a bad-conduct discharge, it is clear that other factors beside severity of sentence or a purported lack thereof, must be considered by appellate courts to determine whether the effect of this record on the sentence as a whole may be so inconsequential that it can be disregarded. *See United States v. Scott*, 21 U.S.C.M.A. 154, 44 C.M.R. 208 (1972). The appellant received a bad-conduct discharge for his first and sole conviction at a special court-martial for the offense of unauthorized absence of 50 days with the presence of substantial matters in extenuation and mitigation. No other criminal convictions appear on the appellant's record of trial nor any acts of neutralization by appropriate reviewing bodies. *See United States v. Bruns*, 19 U.S.C.M.A. 501, 42 C.M.R. 103 (1970); *United States v. Young*, 19 U.S.C.M.A. 481, 42 C.M.R. 83 (1970). The erroneously admitted evidence demonstrated misconduct of the same nature within a seven-month period prior to conduct tried in the present court-martial. In addition, the trial counsel, though ever so briefly, argued the relevance of this non-judicial punishment to sentencing the appellant.

Even considering the possible impact of Prosecution Exhibit 3, this court cannot say with any type of confidence that the chances are remote in this case that the appellant's sentence was not increased due to an imperceptible impact of the erroneous admission on the military judge. *See United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970). In fact, it is patently clear to us that the admission of this non-judicial punishment in this case resulted in a more severe punishment than would have been imposed if only Prosecution Exhibit 3 had been considered for sentencing.[8] In the

---

**6.** The refusal to interfere in this domain of the Court of Military Review should not be viewed as a condonation of the appropriateness of the sentence awarded in this or any other case.

**7.** *United States v. Baldwin*, 17 U.S.C.M.A. 72, 77, 37 C.M.R. 336, 341 (1967); *See also United States v. Scott*, 21 U.S.C.M.A. 154, 44 C.M.R. 208 (1972).

**8.** *See United States v. Morales*, 1 M.J. 87 (C.M.A. 1975). It is recognized that in the above case, the Court of Military Review found a more severe sentence was imposed due to the number of non-judicial punishments and a special court-martial conviction which were improperly admitted. However, it is the likelihood of prejudice, whatever the cause, that we consider critical.

presence of such an obvious fair risk of prejudice, the decision to affirm the sentence by the Army Court of Military Review must be reversed.[9]

Several additional comments must be added in accordance with our role as the supreme court of the military justice system and the body generally responsible for the supervision of military justice. *See McPhail v. United States*, 1 M.J. 457 (C.M.A. 1976). The opinion of the Army Court of Military Review reflects an untenable view of a bad conduct discharge as a punishment and as a measure of prejudice. In our mind this punishment is severe[10] and should not be viewed lightly simply on account of a minimum amount of forfeitures or confinement awarded in conjunction with it. Accordingly, the awarding of this punishment alone should not be realistically and generally accepted as a sign of lack of prejudice in sentencing. Moreover, it should be pointed out that Paragraph 76*a* (4) states with reference to a bad conduct discharge:

> It is appropriate as punishment for an accused who has been convicted repeatedly of minor offenses and whose punitive separation from the service appears to be necessary.

Command discipline under Article 15, Uniform Code of Military Justice, is not a criminal conviction.[11] Consequently, within the letter and spirit of the Manual such prior punishment does not *prima facie* render the punitive discharge appropriate in a given case, though perhaps authorized, by the table of maximum punishments.

In view of our finding of prejudicial error in the appellant's case, we find inadequate as a matter of law the Army Court of Military Review's action in affirming the sentence as adjudged. Accordingly, the decision of the Court of Military Review is reversed as to sentence and the record of trial is returned to the Judge Advocate General of the Army for a rehearing on sentence.

Judge PERRY concurs.

COOK, Judge (dissenting):

The Court of Military Review determined that the error in the admission into evidence of the Article 15[1] punishment for a 40-minute, unauthorized absence was not prejudicial. I agree.

Among other things, the absence for which the accused was convicted was terminated by apprehension, not voluntary return to his place of duty; evidence of another previous absence of a much longer period—14 days—was properly before the trial judge; and, the accused explained the 40-minute absence as resulting from his misunderstanding of the day he was to serve as "runner" for the Charge of Quarters.

In any event, I first cannot see the justification for directing a rehearing. There is, in my opinion, no possibility whatever that the Article 15 influenced the court-martial to adjudge a bad-conduct discharge; consequently, I would not direct a rehearing on sentence before a court-martial; at most the case should be resubmitted to the Court of Military Review.

I would affirm the decision of the United States Army Court of Military Review.

9. *See United States v. Iacono*, 19 U.S.C.M.A. 490, 42 C.M.R. 92 (1970); *United States v. Worrell*, 19 U.S.C.M.A. 487, 42 C.M.R. 89 (1970); *United States v. Taylor*, 19 U.S.C.M.A. 475, 42 C.M.R. 77 (1970); *United States v. Walker*, 19 U.S.C.M.A. 472, 42 C.M.R. 74 (1970).

10. *United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.R. 26 (Ferguson, J. dissenting); *United States v. Monett*, 16 U.S.C.M.A. 179, 36 C.M.R. 335 (1966); *United States v. Prow*, 13 U.S.C.M.A. 63, 32 C.M.R. 63 (1962); *United States v. Johnson*, 12 U.S.C.M.A. 640, 31 C.M.R. 226 (1962).

11. *United States v. Johnson*, 19 U.S.C.M.A. 464, 467, 42 C.M.R. 66, 69 (1970). *See generally, United States v. Booker*, 5 M.J. 238 (C.M.A. 1977).

1. Uniform Code of Military Justice, 10 U.S.C. § 815.