**UNITED STATES**

v.

**Steven Curtis VAN NATTA, 525 06 3149, Airman Apprentice (E–2) U. S. Naval Reserve.**

**NCM 79 0599.**

U. S. Navy Court of Military Review.

Sentence Adjudged 10 Jan. 1979.

Decided 20 June 1979.

CAPT G. M. Potter, USMC, Appellate Defense Counsel.

CDR T. C. Watson, Jr., JAGC, USN, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted, contrary to his pleas, of three unauthorized absences totalling a year, in violation of Article 86, Uniform Code of Military Justice, and sentenced to a bad-conduct discharge, confinement at hard labor for 6 months, forfeitures of $279 per month for 6 months, and reduction to pay grade E–1.

We must reverse the findings of guilty of two of the three offenses because the service record entries relied upon by the Government to establish the unit from which the accused allegedly absented himself were not made in accordance with applicable regulations. The entries in block 49 of NAVPERS 1070/606 are unsigned. *See United States v. May,* No. 78 0149 (N.C. M.R. 22 August 1978) (unpublished).

The accused is alleged to have absented himself from Precommissioning Unit SAIPAN from 18 August 1977 until 8 November 1977 (specification 1) and from USS SAIPAN from 22 November 1977 until 25 April 1978 (specification 2). The Government relied on Prosecution Exhibits 3 and 4 to establish these absences. Prosecution Exhibit 3, a NAVPERS 1070/606 (Rev. 1–77) prepared for submission to the Chief of Naval Personnel by Naval Station, San Diego, California, on 4 January 1979, contains an entry dated 4 January 1979, in block 49, reflecting that the accused was an unauthorized absentee from Precommissioning Unit SAIPAN on this date [sic] and surrendered to a Navy recruiter in Carlsbad, New Mexico, on 8 November 1977. Prosecution Exhibit 4, a NAVPERS 1070/606 (Rev. 1–77), also prepared by Naval Station, San Diego, for submission on 4 January 1979, contains an entry dated 4 January 1979, in block 49, showing that the accused was an unauthorized absentee from USS SAIPAN since 22 November 1977 and delivered on board Naval Station, San Diego, California, on 28 April 1978. The spaces which are provided in block 19 of the exhibits to show the activity from which the accused is an unauthorized absentee are blank. The entries in block 49 on both exhibits are not signed and do not include the command at which they were made.

The issue presented is whether the unsigned block 49 entries are sufficient to

establish the unit from which the accused absented himself.

As we said in *United States v. May, supra:*

> The Navy Pay and Personnel Procedures Manual (PAYPERSMAN), paragraph 90435, incorporated by reference into the Bureau of Naval Personnel Manual (BUPERSMAN) at paragraph 5030310.2, controls the proper preparation of the Record of Unauthorized Absence (NAVPERS 1070/606). PAYPERSMAN, paragraph 90435[d](49), requires that entries in "block 49" of NAVPERS 1070/606 include the date, signature of the maker, and the maker's activity. It is indicated that: "The NAVPERS 1070/606 cannot be admitted as evidence in any subsequent legal proceedings if the date, signature, or activity are missing from block 49." The regulation explains that: "The command must be indicated because these entries may be made by more than one activity on the same NAVPERS 1070/606."

We noted in *May* that an entry in block 49, which contained none of the required information as to date, signature, or activity of the maker, was properly excluded at trial and found that another entry, which contained a date and signature, but did not indicate the command of the maker, was not admissible as an official record because it was not made in accordance with applicable regulations.

Trial counsel argued that no signature was required in block 49 because, as the date of the entries there coincided with the date of submission, the entries in block 49 were covered by the signature in block 50. His contention is contrary to the plain language of PAYPERSMAN, paragraph 90435d(50), which specifically provides that the signature in block 50 will cover all entries on the form except those in block 49 and that each entry in block 49 must be signed individually at the time the entry is made. In the absence of admissible entries in block 49 or other evidence establishing the activity from which the accused was an unauthorized absentee, an essential element of the offenses alleged is lacking. *United States v. Sandy,* No. 76 1308 (N.C.M.R. 10 August 1976) (unpublished); *United States v. Hinman,* No. 75 2470 (N.C.M.R. 17 March 1976) (unpublished). Thus the evidence is insufficient to support the findings of guilty of specifications 1 and 2.

Accordingly, the findings of guilty of the Charge and specifications 1 and 2 thereunder are set aside. The Charge is dismissed. The findings of guilty of the Additional Charge and, upon reassessment, so much of the sentence as provides for a bad-conduct discharge and confinement at hard labor for 3 months are affirmed.

Senior Judge DUNBAR and Judge GREGORY concur.