### UNITED STATES

v.

**William B. JOHNSON, 243 92 8249, Aviation Maintenance Administrationman Third Class, (E–4), U. S. Navy.**

**79 0076.**

U. S. Navy Court of Military Review.

28 June 1979.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LT. Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, Appellate Military Judges.

GLADIS, Judge:

The accused was convicted, contrary to his pleas, at a special court-martial bench trial of an unauthorized absence for a period of almost 11 months and sentenced to a bad-conduct discharge and reduction to pay grade E–1. The convening and supervisory authorities approved the sentence without change.

The accused contends that three documents admitted to prove the unauthorized absence were inadmissible and that an unsuspended bad-conduct discharge is inappropriate. We disagree and affirm.

■ First the accused contends that Prosecution Exhibit 1, a NAVPERS 1070/606 from his service record, was not an official record, but inadmissible hearsay, because block 49 did not set forth the time and date of the absence and the activity from which the accused absented himself. We rejected a similar contention in *United States v. Hinman*, No. 75 2470 (NCMR 17 March 1976) (unpublished) saying:

In order to prove each alleged unauthorized absence, the prosecution introduced a Record of Unauthorized absence (NAVPERS 1070/606), page 6 in the Enlisted Service Record. Appellant notes that none of these exhibits (prosecution exhibits 1 through 5) contain entries in block 49 concerning the "activity UA from." *Cf.* Section 90435, Navy Pay and Personnel Procedures Manual (PAY-PERSMAN). Appellant contends that these exhibits were not admissible under

the official records exception to the hearsay rule because they were not maintained in accordance with applicable regulations, that is, the PAYPERSMAN. We do not concur in this contention . . . With respect to appellant's argument that prosecution exhibits 1 through 5 were inadmissible hearsay, we recognize that documents to be admissible as official records must be maintained in accordance with pertinent instructions and regulations. *United States v. Heflin,* 23 USCMA 505, 50 CMR 644 (1975); *United States v. Bowling,* No. 75 2191 (NCMR 29 September 1975); *United States v. Wolfe,* No. 75 1626 (NCMR 15 October 1975). We also recognize that the Record of Unauthorized Absence (NAVPERS 1070/606) must be prepared in accordance with the PAYPERSMAN and that an entry concerning the "activity UA from" is required in block 49 of this form. *See* Article 5030310, Bureau of Naval Personnel Manual, and Section 90435d(49), PAYPERSMAN. We do not find in this instance, however, that the omission of the "activity UA from" by itself renders the entire document inadmissible. Each of the documents in this case (prosecution exhibits 1 through 5) appears to be a duly authenticated extract from appellant's service record, and the mere omission of certain facts required to be recorded does not place the document outside the exception to the hearsay rule and make it incompetent evidence. *United States v. Tuten,* 15 USCMA 387, 35 CMR 359 (1965); *United States v. Anderton,* 4 USCMA 354, 15 CMR 354 (1954); *United States v. Ervin,* No. 71 3084 (NCMR 24 January 1972).

Therefore, the exhibit was admissible.[1]

■ Next the accused argues that Prosecution Exhibit 2, also a NAVPERS 1070/606 from his service record, was inadmissible because it did not contain the required information, contained incorrect information, and had been superseded by a subsequent NAVPERS 1070/606 correcting the erroneous entry. The rationale in *Hinman, supra,* is dispositive of the contention that omissions or erroneous information rendered the exhibit inadmissible. Moreover, we find nothing in BUPERSMAN or PAYPERSMAN which requires the removal of a NAVPERS 1070/606 containing an erroneous entry from the service record when a subsequent NAVPERS 1070/606 correcting the error is submitted. *See* BUPERSMAN, Art. 5040100.6; PAYPERSMAN, sec. 90435. A copy of the original document is retained in the service record with a copy of the document containing the correction if the original has been forwarded to the Chief of Naval Personnel. *See* PAYPERSMAN table 9–4–38. The service record copy of the original is still an official record, and the entries which have not been corrected are valid. Therefore, the exhibit in question was admissible.

■ The accused also argues that Prosecution Exhibit 4, the NAVPERS 1070/606 from the service record of the accused which was submitted to correct prosecution Exhibit 2, was irrelevant and, therefore, inadmissible because it indicated that the accused absented himself from an activity other than that charged. We find the document, which referred to an absence commencing and terminating on the dates charged, to be relevant. This is not a case in which the document contained no inception date. *Cf. United States v. Drake,* 45 C.M.R. 738 (A.C.M.R.1972). Therefore, the exhibit was admissible.

■ Having found that the challenged exhibits were admissible, we turn to the sufficiency of the evidence and conclude that the evidence establishes beyond a reasonable doubt the findings of guilty. The activity from which the accused absented

1. In *United States v. May,* No. 78 0149 (N.C. M.R. 22 August 1978) (unpublished) we held that an entry on a NAVPERS 1070/606 which did not contain the required information in block 49 was inadmissible.

himself is established by prosecution Exhibit 3, at page 13.

 Finally the accused contends that an unsuspended discharge is inappropriate. On the basis of the entire record, including the serious nature of the offense, the outstanding past military record of the accused, and other evidence in extenuation and mitigation, we find the sentence, which includes an unsuspended bad-conduct discharge, to be appropriate.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GREGORY concur.