UNITED STATES

v.

**Gene S. ROBINSON, 149 54 7991, Seaman Recruit (E–1), U.S. Navy.**

**NMCM 81 2153.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 16 Jan. 1981.

Decided 26 Jan. 1982.

LT Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and KERCHEVAL and MICHAEL, JJ.

MICHAEL, Judge:

Appellant was tried in absentia before a special court-martial, military judge alone.

Contrary to not-guilty pleas entered on his behalf by the court, he was found guilty of unauthorized absence from 7 March 1980 to 24 September 1980. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeiture of $200.00 pay per month for 3 months. Intermediate reviewing authorities approved the sentence without modification.

 The Government's evidence of the unauthorized absence was contained solely in Prosecution Exhibit 1, a NAVPERS 1070/606 (Rev. 1–77), Record of Unauthorized Absence, which was admitted at trial over the objection of defense counsel. The defense objection was premised on the fact that an entry in block 49 of the NAVPERS 1070/606 (Rev. 1–77) showing the date of inception of the absence and the activity from which the UA commenced was not signed by an authorized individual. The omission of this signature is now summarily assigned as error by appellate defense counsel:

THE MILITARY JUDGE'S ACCEPT-ANCE INTO EVIDENCE OF PROSE-CUTION EXHIBIT 1, A RECORD OF UNAUTHORIZED ABSENCE (NAVPERS 1070/606), WAS ERRONE-OUS BECAUSE THE ENTRY IN BLOCK 49 OF THE DOCUMENT, DAT-ED 7 MARCH 1980, ALLEGING AN UNAUTHORIZED ABSENCE COM-MENCING ON THAT DATE WAS UN-SIGNED, IN VIOLATION OF PARA-GRAPH 90435d(50), NAVY PAY AND PERSONNEL PROCEDURES MANU-AL (NAVSO P–3050). ABSENT THIS REQUIRED SIGNATURE, NECES-SARY TO AUTHENTICATE THE IN-CEPTION OF THE ABSENCE, AND ABSENT AUTHENTICATION BY THE RECORD'S CUSTODIAN OR OTHER QUALIFIED WITNESS, THE DOCU-MENT'S CIRCUMSTANCES OF PREP-ARATION INDICATE A LACK OF TRUSTWORTHINESS WHICH SHOULD HAVE RENDERED THE DOCUMENT INADMISSIBLE. MILI-TARY RULE OF EVIDENCE 803(6). ABSENT THIS EVIDENCE, APPEL-LANT'S GUILT OF THE OFFENSE ALLEGED IS NOT PROVED BEYOND A REASONABLE DOUBT.

We disagree and affirm.

This case presents yet another factual permutation of the perils encountered in the preparation and use of the NAVPERS 1070/606 in its different versions. *See e.g., United States v. Johnson,* 7 M.J. 881 (N.C. M.R.1979); *United States v. Van Natta,* 7 M.J. 836 (N.C.M.R.1979); *United States v. Hinman,* No. 75 2470 (N.C.M.R. 17 March 1976) (unpublished).

In the instant case, it is true—as conceded by appellate government counsel in his reply to the assignment of error—that block 49 of the NAVPERS 1070/606 lacks the signature required by *Navy Pay and Personnel Procedures Manual* (hereinafter PAYPERSMAN) paragraph 90435d.(49) for the entry dated 7 March 1980.[1] This omission is not conclusive of the issue, nevertheless. Blocks 4, 19, and 21 of the NAVPERS 1070/606 (Rev. 1–77) have been completed properly and reflect the inclusive dates of the absence and the activity from which the accused absented himself without authority. In addition, block 50 of the document contains the signature of a person authorized to sign the form, in compliance with PAYPERSMAN paragraph 90435d.(50).[2] As

1. The entry states: "80 MAR 07: UA FM USS SANTA BARBARA (AE 28) AT CHASN SC THIS DATE. /s/ S.A. GIESEN, LTJG, USN, BYDIRCO USS SANTA BARBARA". The use of the /s/ without an actual signature but with name and identification suggests that the data was taken from some other document. Such document's existence, nature, or whereabouts are not reflected in the record, however.

2. The appellant was an unauthorized absentee from USS SANTA BARBARA (AE 28). He returned to military jurisdiction at Naval Support Activity, Philadelphia, Pa., and was transferred to Naval Station, Charleston, S.C. The Commanding Officer, Naval Station, Charleston, convened this court-martial. PAYPERS-MAN Table 1–3–11, p. 1–107, provides that NAVPERS 1070/606 will be prepared by the activity disposing of the case if a member returns to military jurisdiction at an activity other than that from which he is an unauthorized absentee.

stated in that paragraph, "[s]ignature in this block will cover all entries on the form except those in block 49." As an official duly authorized to prepare and submit the NAVPERS 1070/606, the signer of block 50 had the independent responsibility for ascertaining the accuracy of all entries covered by his signature. In the absence of evidence to the contrary, we presume that he properly discharged his functions as a responsible official. *United States v. Masusock*, 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951). Accordingly, sufficient competent evidence of record existed to find the accused guilty beyond a reasonable doubt of the absence offense charged without relying on the matter contained in block 49.

■ Additionally, although block 49 of the NAVPERS 1070/606 (Rev. 1–77) was not properly completed as to the particular entry set forth in footnote 1, it is noted that block 49 is denominated "Amplifying Remarks". PAYPERSMAN paragraph 90435d.(49) provides for insertion of narrative remarks required to amplify information on a member's absence. Examples of such amplification cited in the PAYPERSMAN include the time, date, and activity from which the UA commenced. While such information over the signature of a proper official may be required in block 49 for certain administrative purposes such as stoppage of pay and computation of lost time, it falls short of being required to support a conviction where the necessary information as to the offense of unauthorized absence is otherwise properly reflected on the NAVPERS 1070/606 (Rev. 1–77). In so deciding, we are cognizant of this Court's opinion in *United States v. Hinman, supra*, which is quoted at length in *United States v. Johnson, supra*. In *Hinman*, we stated:

We also recognize that the Record of Unauthorized Absence (NAVPERS 1070/606) must be prepared in accordance with the PAYPERSMAN and that an entry concerning the "activity UA from" is required in block 49 of this form.

*Hinman*, however, predates the version of NAVPERS 1070/606, *i.e.*, (Rev. 1–77), with which we are concerned here. In NAVPERS 1070/606 (Rev. 1–77), block 19 clearly provides for insertion of the name of the activity from which the member is UA. The NAVPERS 1070/606 (Rev. 10–71) under consideration in *Hinman* called for entirely different matter to be inserted at block 19 and did not provide for the name of the activity from which the unauthorized absence commenced to be reflected other than at block 49 with a required accompanying signature. Thus, the decision in *Hinman* in this regard may be distinguished from the instant case. Our decision in *United States v. May*, No. 78 0149 (NCMR 22 August 1978) (unpublished) may be distinguished similarly.[3]

Nor does the omission in completing this one entry render the entire document inadmissible as an official record. *United States v. McLemore*, 10 M.J. 238 (C.M.A. 1981); *United States v. Johnson, supra; United States v. Hassett*, No. 80 0291 (N.C. M.R. 15 April 1980) (unpublished); *United States v. Hinman, supra*. As this Court stated in *United States v. Brewer*, No. 79 1396 (N.C.M.R. 29 February 1980) (unpublished):

A mere irregularity or omission in an official record does not of itself place the record outside the exception to the hearsay rule and make it incompetent. Only

---

3. In *United States v. May*, No. 78 0149 (NCMR 22 August 1978) (unpublished) the alleged unauthorized absence occurred in 1973. The error asserted was the omission in block 49 of the then-current version of NAVPERS 1070/606 of the command from which the UA commenced. Further, in our opinion in *May* (although unpublished, it is excerpted in *United States v. Van Natta, supra*, at 837), we remarked that PAYPERSMAN paragraph 90435d.(49) provided that: "The NAVPERS 1070/606 cannot be admitted as evidence in any subsequent legal proceedings if the date, signature, or activity are missing from block 49." This provision was deleted from PAYPERSMAN paragraph 90435d.(49) prior to the inception of appellant's unauthorized absence and, thus, need not concern us here. In *Van Natta*, we dealt with NAVPERS 1070/606 (Rev. 1–77). In that case, not only were the entries in block 49 of the two exhibits in question not signed, but also block 19 in each exhibit (showing the activity from which the accused was an unauthorized absentee) was left blank.

those irregularities or omissions material to the execution of the document would have that effect. *United States v. Tuten,* 15 U.S.C.M.A. 387, 35 C.M.R. 359 (1965); *United States v. Page,* 4 M.J. 683 (N.C.M. R.1977). A redundant or unauthorized entry in block 49 of page 6 is not a material irregularity. An irregular entry on an official record may be inadmissible but the irregularity does not necessarily render the record itself and other proper entries contained there inadmissible.

 Also in his assignment of error, appellant alludes to another deficiency at trial: the absence of authentication of the document by a proper witness. While it is not clearly so stated, this assertion of error differs from the objection raised at trial that the document does not qualify as an official record by virtue of noncompliance with pertinent directives in its preparation. We have just rejected that latter assertion. With regard to any lack of authentication, it is sufficient to observe that trial defense counsel did not raise this issue as a deficiency at trial. Trial defense counsel's only statement with regard to Prosecution Exhibit 1 was:

> DC: The defense would object to Prosecution Exhibit 1 due to the lack of signature in block 49, Your Honor.

Lack of authentication, where it exists, does not rise—in our view—to a level of plain error materially prejudicing the substantial rights of the accused, thus permitting notice by the military judge in the absence of a proper objection. Military Rule of Evidence (MRE) 103(d). Furthermore, block 50 of Prosecution Exhibit 1, which purports to cover the document as a whole, was signed by an authorized official. Trial defense counsel's objection, focused as it was on the lack of a signature for a particular entry in block 49, does not in its context render apparent a specific ground of objection

based on lack of authentication of the entire document.[4] Having not raised such an objection at trial, therefore, it may not now be raised on appeal. MRE 103(a)(1).

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge KERCHEVAL concur.

---

4. Prosecution Exhibit 1 in this case was admitted into evidence without an accompanying attesting certificate—a not-infrequent practice in the cases coming before us. Without doubt, such a certificate may be required as a minimum authenticating procedure if the defense persists in an objection in this regard. That no

objection is made in so many cases leads us to conclude that attesting certificates are readily available for documents of evident authenticity and that they are waived by trial defense counsel as unnecessary procedural steps. We do not criticize the judgment of counsel in employing such a tactic. *See* MRE 902(4a).