UNITED STATES, Appellee

v

JOHN M. SHAMLIAN, Private E–2, U. S. Army, Appellant

9 USCMA 28, 25 CMR 290

No. 10,360

Decided March 14, 1958

*First Lieutenant Herbert R. Brown* argued the cause for Appellant, Accused. With him on the brief was *Colonel Edward M. O'Connell.*

*Lieutenant Colonel John G. Lee,. First Lieutenant Thomas M. Lofton* and *First Lieutenant Jon R. Waltz* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was arraigned before a general court-martial upon a charge of being drunk on guard duty, in violation of Article 112, Uniform Code of Military Justice, 10 USC § 912. Before pleading, a motion to dismiss was made by defense counsel which was heard in open court, neither side requesting an out-of-court hearing. Defense counsel founded his argument on the staff judge advocate's pretrial advice to the convening authority, noting that functionary's failure to incorporate the recommendations of officers preferring the charge that the accused be tried by a special court-martial. Trial counsel argued that the convening authority had not been misled by his staff judge advocate, and that sound reasons supported the recommendation and selection of a general court-martial. On the latter point, trial counsel made the following remarks before the court members:

"... The Staff Judge Advocate recommended trial by general court-martial in the instant case. In fact it is the common practice of the Staff Judge Advocate to thoroughly discuss each and every case with the convening authority before the convening authority makes his final decision as to which court the man will be tried by. In this case, in view of the man's previous convictions and in view of his attitude toward the service, the convening authority held with the views of the Staff Judge Advocate — — —"

The law officer, realizing that matters were broached which should not be discussed in open court, interjected:

"Just a moment, the court will disregard every reference made by the trial counsel to the accused's previous convictions. I think that if we are going to continue with the argument on this particular point, we had better continue out of the hearing of the court. Accordingly, if the court will withdraw, the argument may continue."

**29**

Before withdrawing, however, defense counsel moved for a mistrial on account of trial counsel's reference to the accused's previous convictions, claiming that any instruction of the law officer would be unavailing to remove the prejudice thus implanted in the minds of the court members. The law officer strengthened his previous admonition by repetition and emphasis. At this time he stated:

". . . The court will not allow any of these arguments to prejudice the accused. Consideration or deliberation of any issue related to the allegations against the accused, the reference to previous convictions by trial counsel, and every other reference to this accused prejudicial in any way will be banished from the minds of the members of this court. Before argument proceeds, the court will withdraw out of the hearing of counsel and counsel will continue."

Thereafter, he called for an out-of-court hearing on the remaining part of the argument. After the court had reconvened, both the motion to dismiss and the motion for a mistrial were denied. For the third time, then, the law officer instructed the court to disregard the remarks trial counsel had made in arguing on the motion to dismiss.

The defense having no further motions to make, the accused entered a plea of not guilty and trial was had. He was found guilty and sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for six months. The convening authority suspended execution of the discharge until release from confinement or completion of appellate review, whichever event would be later in time and otherwise affirmed the findings and sentence. The board of review affirmed only confinement at hard labor for six months and forfeiture of $55 per month for a like period. The accused's petition for review was granted by this Court to consider his assignment of the law officer's denial of the motion for mistrial as error.

Recently, in United States v Patrick, 8 USCMA 212, 24 CMR 22, this Court had occasion to re-emphasize the role of the law officer when acting upon a motion for mistrial. We there said:

"It is now well established that the law officer has the same discretion as a civilian trial judge to declare a mistrial. United States v Stringer, 5 USCMA 122, 17 CMR 122; United States v Richard, 7 USCMA 46, 21 CMR 172. But the remedy is a drastic one. Dolan v United States, 218 F 2d 454 (CA 8th Cir) (1955). Ordinarily an error in admitting evidence can be cured by striking it and instructing the court members to disregard it. Only in the extraordinary situation, where the improperly admitted testimony is inflammatory or highly prejudicial to the extent that its impact cannot be erased reasonably from minds of an ordinary person, is there occasion for the law officer to grant a motion for a mistrial. An appellate court is detached from the courtroom drama and, therefore, the law officer's ruling on such a motion will not be disturbed on review unless there was a clear abuse of discretion on his part."

Trial counsel's remarks on the motion to dismiss are divided by appellate defense into three areas of improper disclosure: (1) That the accused had a prior military criminal record; (2) that he had a poor attitude toward the Service; and (3) that the staff judge advocate and the convening authority, upon careful consideration of this case, were both of the opinion that the accused should be tried by a general court-martial. There is no substance to the contention with regard to the third enumerated disclosure, even aside from any question of defense counsel precipitating trial counsel's revelation by challenging the comprehensiveness of the staff judge advocate's pretrial advice to the convening authority in open court. The court-martial members already had before them the order of reference to trial. Necessarily, they had to know that the convening authority had determined that trial by general court-martial was proper. Would they also know or infer from the reference that the convening authority had given careful consideration to all the

circumstances of the case? Such knowledge or inference is reasonably deduced from the action taken, and consequently it is fair to assume that the members knew that the convening authority's direction was predicated upon careful consideration and was not a casual decision. So much of trial counsel's disclosure, therefore, is nothing but what the members knew. This leaves for consideration the comment that the convening authority's action was preceded by consultation with his staff judge advocate and that the latter was also of the opinion that trial by general court-martial was proper. In this respect, trial counsel's statement simply notes a compliance in this case with the requirements of Article 34. We do not regard a comment of this kind as prejudicial.

That brings us to the remarks about the accused's previous convictions and attitude toward the Service. Those are subjects which, under the circumstances, should not have been brought to the attention of court members before findings were returned on the merits. We therefore conclude it was error on the part of trial counsel to mention those matters. However, the law officer took immediate and effective action under the circumstances, for he interrupted trial counsel in mid-sentence and immediately ordered further arguments on the motion to dismiss to be held outside the hearing of the court members. Moreover, he instructed the court members on four separate occasions, the three already mentioned and also during his final charge, that they were to disregard those references of trial counsel to the accused.

Only if there was an adverse impact on the court members which was not neutralized and rendered nonprejudicial by the clear and positive instructions of the law officer, would we say that he should have discharged the court. United States v Patrick, supra. Appellate defense counsel cite for our consideration United States v Richard, 7 USCMA 46, 21 CMR 172. There the law officer was held to have abused his discretion when he refused to declare a mistrial. However, in that instance we

dealt with disclosures to the court, during the early stages of the trial, which would tend to inflame members against the accused because of the nature of the offense, the prejudicial tenor of the statement, and the common belief that in sex cases one offense discloses a predisposition to repeat. There, the court members were informed that the accused had been "tried upon a similar charge, and was investigated in connection with another . . . that his whole pattern of conduct presented psychiatric overtones which required close examination, and, in connection with this very case, he had been subjected to a lie detector test." The offense charged was rape, which is a far greater crime than the one charged in this case and far more likely to be committed by one who has previously been involved in similar crimes. The very disclosure of the commission of a similar crime disclosed a misbehavior pattern and intimated a proclivity in the accused to commit the crime charged. Here, however, we have an accused who was charged with rendering himself unfit for military duty because of excessive use of intoxicants, and there is no indication of what was involved in his prior convictions.

In light of the general nature of trial counsel's comments and the immediate and positive directions given by the law officer, we are certain that the court members did not consider the improper references of trial counsel in deliberating on the accused's guilt or innocence of the crime charged. There is no indication in the record before us of any court member's reluctance to follow the instructions to disregard trial counsel's unfortunate allusions to the accused's attitude toward the Service and past military record. The disclosures themselves would not indelibly impress the court members with a belief that they could use a short scale in measuring guilt, and the evidence of accused's prior convictions was competent after findings. As a matter of information, the record shows two prior convictions were introduced in evidence. In conclusion, we may assume, as we did in United States v O'Briski, 2 USCMA 361, 8 CMR 161, that the court

31

members obeyed the instructions of the law officer. After all, the law officer was faced with one of two curative methods, and· he has some discretion in his selection. We cannot say as a matter of law that he was required to discharge the court to purge the error, and, accordingly, we will not invade the province of his discretion.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I have serious doubts that the law officer's admonitions to disregard effectively destroyed the prejudicial effects of the trial counsel's improper disclosures. At the time these remarks were made, the accused had not as yet entered a plea and it would have been a relatively simple matter for the law officer to immediately discharge the court and impanel another, thereby foreclosing any question of prejudice resulting from the error. Furthermore, the fact that the law officer found it necessary to caution the court on four separate occasions convinces me that he entertained serious doubts concerning whether he had succeeded in obliterating the prejudicial atmosphere created by trial counsel's remarks. I would reverse the conviction and permit a rehearing. Cf. United States v Richard, 7 USCMA 46, 21 CMR 172.