UNITED STATES, Appellee

v

ROBERT WINNING, Private,
U. S. Marine Corps, Appellant

13 USCMA 359, 32 CMR 359

No. 16,127

November 23, 1962

*Lieutenant Colonel William H. Bennison,* USMC, argued the cause for Appellant, Accused.

*Major Daniel F. McConnell,* USMC, argued the cause for Appellee, United States. With him on the brief was *Commander Carl B. Klein,* USNR.

## Opinion of the Court

QUINN, Chief Judge:

While other members of the platoon were absent, the accused stole money from several locker boxes in his squad bay. The unit commander was informed of the thefts, and a list of the serial numbers on the stolen bills was compiled. A "shakedown" search of the squad bay led to discovery of the stolen money in a hole in the underside of the accused's mattress. On this appeal from his conviction by special court-martial on six specifications of larceny, and another offense, the accused contends the search was illegal. The board of review considered the question, and concluded that the commanding officer authorized the search. The record of trial supports that finding. United States v Harman, 12 USCMA 180, 30 CMR 180; United States v Gebhart, 10 USCMA 606, 28 CMR 172.

Part of a pretrial confession, which was admitted in evidence, refers to an incident which took place when the accused was fourteen years of age. In the reference, the accused said he was "put on probation of some sort" for

riding in a car which apparently had been stolen by a friend. Some years later when he applied for enlistment in the Marine Corps, he informed the recruit sergeant he had "got into trouble"; he was advised not to mention the incident in his application. This part of the confession indicates misconduct unrelated to the offenses charged; and it should not have been admitted into evidence. United States v Pavoni, 5 USCMA 591, 18 CMR 215; see also United States v Roark, 8 USCMA 279, 24 CMR 89. However, we discern no prejudice as to either the findings of guilty or the sentence. As to the former, the evidence of guilt, which is uncontradicted, is compelling. United States v Moreno, 10 USCMA 406, 27 CMR 480; cf. United States v Liscar, 11 USCMA 708, 29 CMR 524. As to the latter, the matter was considered by the supervisory authority. His review was sufficient to eliminate the adverse effect, if any, of the inadmissible evidence. United States v Peters, 8 USCMA 520, 25 CMR 24.

The decision of the board of review is affirmed.

Judge KILDAY concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I am in full agreement with the Chief Judge that the record of trial discloses no basis for concluding that the search in question was illegal or, in view of the overwhelming evidence of accused's guilt, that he was prejudiced with respect to the findings of guilty by the erroneous introduction in evidence of the juvenile proceedings against him.

I disagree, however, with respect to the Court's conclusion concerning the impact of such inadmissible evidence on the sentence.

The accused was charged with impersonation of a noncommissioned officer and with six specifications of larceny which latter, although separately alleged, constituted but a single offense as they were committed at substantially the same time and place. United States v Sanders, 13 USCMA 322, 32 CMR 322; United States v Swigert, 8 USCMA 468, 24 CMR 278; United States v Florence, 1 USCMA 620, 5 CMR 48. This seventeen-year-old recruit who had not yet completed his training was sentenced to bad-conduct discharge, forfeiture of fifty dollars per month for six months, and confinement at hard labor for six months.

Reducing the period of the forfeitures and the confinement to two months, the convening authority approved the bad-conduct discharge, declaring in his action that, in his opinion, accused's offenses "are a part of an established behavior pattern which would not be essentially changed by his retention in the naval service."

The supervisory authority concluded that the introduction of the evidence relating to the juvenile proceedings was an "irregularity" which, in any event, was overcome by the evidence of guilt which "is so overwhelming that any possible prejudice would not be considered as prejudicial error." No mention was made in the review of its possible import with respect to the sentence.

The board of review affirmed, the majority acting without opinion and the concurring views of Member Jones not discussing the point.

In my opinion, the evidence of accused's juvenile delinquency had substantial impact on the penalty both at the trial level and, as evidenced by the remarks in his action, upon the convening authority. I find the situation precisely like that before us in United States v Pavoni, 5 USCMA 591, 18 CMR 215, in which the Chief Judge said, in his separate opinion, at page 596:

". . . True, the sentence adjudged by the court was modest for the offense for which the accused was convicted, but it is significant that it was the maximum the court could impose. See: United States v Zimmerman, 1 USCMA 160, 163, 2 CMR 66. The convening authority reduced the sentence, but his action was based upon other considerations."

Moreover, when one considers this accused's youth and his extremely brief

service in the Marine Corps, it cannot be said with any degree of certainty that evidence of the juvenile misconduct did not lead the court members to impose and the convening authority to approve a punitive discharge. Indeed, there is no other valid explanation of the convening authority's reference to accused's "established behavior pattern," and the error could not have been purged by the supervisory authority "except by elimination of that specific punishment or ordering a rehearing on the penalty." United States v Johnson, 12 USCMA 602, 31 CMR 188. Thus, even if one were to find that the error's impact on the sentence was considered in the post-trial proceedings at the general court-martial level—a conclusion which I am quite unable to reach—affirmance of the bad-conduct discharge provided inadequate relief. United States v Rivera, 13 USCMA 30, 32 CMR 30. Accordingly, I record my disagreement with the disposition ordered.

I would reverse the decision of the board of review and return the case to it with the option of disapproving the punitive discharge or ordering a rehearing on the sentence.