UNITED STATES, Appellee

v

PHILLIP C. CARPENTER, Airman Third Class,
U. S. Air Force, Appellant

15 USCMA 526, 36 CMR 24

*Major Milton E. Kosa* argued the cause for Appellant, Accused. With him on the brief was *Colonel Robert O. Rollman.*

*Colonel Emanuel Lewis* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert M. Haynes.*

## Opinion of the Court

QUINN, Chief Judge:

This appeal concerns proceedings in revision by a special court-martial, which were ordered by the convening authority for the purpose of reconsideration of the sentence.

On February 4, 1965, the accused pleaded guilty to, and was found guilty of, an unauthorized absence, for the period from November 12, 1964, to January 20, 1965, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The findings subjected him to the maximum punishment authorized for a special court-martial, that is, a bad-conduct discharge, confinement at hard labor for six months, and accessory penalties. During the sentence proceedings, trial counsel introduced, without objection by defense counsel, an extract of the accused's previous convictions. The record reflected two previous trials by court-martial. Both were by a summary court-martial, one in 1961 and the other in 1963. The conviction in issue was for driving while drunk. The offense occurred in October 1961; the trial was held on November 1, 1961; and the sentence was to forfeit $50.00.

After the Government's presentation

of its sentence evidence, the defense introduced evidence of the accused's capability in the performance of his duties, his ability to get along well with others, and his military awards, such as the Korean and United Nations Service Medals. In an unsworn statement, the accused said he was thirty-seven years of age; was married and had three children, with his wife imminently expecting another child. He had over seventeen years of military service. He indicated that the stress of family problems, when he was on leave from his base in Libya, "seemed too much," and he just "seemed to drift into not reporting back" to duty. Eventually, he realized he had to face up to his military obligations, and he returned to military control. The "only job" he "really" knew was "the service." After deliberating almost an hour, the court-martial adjudged a sentence of a bad-conduct discharge, confinement at hard labor for one month, and reduction to Airman Basic.

Reviewing the record of trial, the convening authority determined that the evidence of the conviction in 1961 was "erroneously considered by the court in arriving at its sentence."[1] He

---

[1] Although the convening authority did not give any reason for his conclusion, it appears to have been based upon either or both of two preconditions to the admission of evidence of a previous conviction. The evidence of a previous conviction must "relate to offenses committed during a current enlistment." Manual for Courts-Martial, United States, 1951, paragraph 75b(2), page 119. The accused received a discharge from the Air Force on November 26, 1961. Since the previous conviction was for an offense committed in October 1961, it would appear that this condition was not satisfied. Also, the

directed that the court-martial be reconvened to reconsider its sentence without regard to the earlier conviction, and "to revise the proceedings accordingly." The next day the court-martial reconvened, with all parties present. The direction of the convening authority was read into the record.

At defense counsel's request, the court members were questioned as to whether they had, in the intervening period, heard or observed anything which would prevent them from "freely reconsidering the evidence and . . . impartially deciding the sentence." One member disclosed he had talked with "some of the people" in his organization about the accused, and he believed he was disqualified from further participation as a court member. He was excused. All the remaining court members indicated they could disregard the evidence of the previous conviction, and redetermine the sentence solely on the evidence properly before them. They were instructed that the maximum sentence which could be imposed was a bad-conduct discharge, confinement at hard labor for one month, and reduction to Airman Basic, that being the sentence adjudged at the initial proceedings. They were further advised that the only previous conviction they could consider was the 1963 summary court-martial, and they should disregard any comments "pertaining to any other previous conviction." After deliberation, the court announced it adhered to its former sentence.

Appellate defense counsel contend that the prejudicial effect of the error in the admission of the previous conviction could not be purged by proceedings before the same court that had tried the accused. They maintain the convening authority should have directed a rehearing on the sentence before a different court-martial, which had no knowledge of the inadmissible previous offense. The argument is the reverse of that advanced by the accused in United States v Reed, 2 USCMA 622, 10 CMR 120. In that case we pointed out that when, on ■■■■■■ ■ the initial review of the record, the convening authority finds an error or irregularity he can, under the Uniform Code of Military Justice, direct that proceedings in revision be held before the same court-martial, or order *de novo* proceedings before a different court-martial to purge the error.[2] The alternative the convening authority chooses normally depends upon the nature of the error and the facts of the case. Article 62(b) of the *Uniform Code of Military Justice*, 10 USC § 862, expressly authorizes the convening authority to order proceedings in revision; but it limits recourse thereto only for errors "which can be rectified without material prejudice to the substantial rights of the accused." Conversely, if reconsideration of the matter by the same tribunal still presents a fair risk of prejudice, due process requires that the hearing be held by another tribunal. See United States v Turner, 7 USCMA 38, 45, 21 CMR 164; United States v Kauffman, 14 USCMA 283, 300, 34 CMR 63.

Revision proceedings antedate the Uniform Code of Military Justice. See Department of the Army Pamphlet 27–175–1, Military Justice Review of Courts-Martial, § 7, June 1962. Some of the purposes for which they were used in an earlier day have not survived Congressional scrutiny; others may be inconsistent with current Constitutional precept. For example, revision proceedings cannot be ordered for the purpose of subjecting the accused to a more severe sentence than initially imposed.

---

earlier offense must not have been committed more than three years previous to the offense for which the accused is to be sentenced. United States v Marshall, 15 USCMA 475, 35 CMR 447. Since the offense before the court was committed in November 1964, and the earlier offense was in October 1961, it would appear this requirement was not satisfied.

[2] In appropriate circumstances, a third alternative is available to the convening authority. He can, himself, reassess the sentence to eliminate all possible prejudice to the accused. United States v Winning, 13 USCMA 359, 32 CMR 359. However, that course was not followed by the convening authority, and it is not in issue on this appeal.

Cf. Swaim v United States, 165 US 553, 41 L ed 823, 17 S Ct 448 (1897); Article of War 40, 10 USC (1940 ed) § 1511 (now Article 62, Uniform Code of Military Justice, 10 USC § 862). At the time Congress considered the Uniform Code of Military Justice, it was referred to the Manual for Courts-Martial, U. S. Army, 1949, for the existing practice. The Senate Report notes that Article 62 was "in conformity with present practice in the services." Senate Report No. 486, 81st Congress, 1st Session, page 26. The practice, as reflected in the Manual for Courts-Martial, U. S. Army, 1949, was that, while a case could not be "reopened by the calling or recalling of witnesses or otherwise" (paragraph 83, page 86), the convening authority could return it to the court-martial to strike inadmissible evidence of a previous conviction and to redetermine the sentence without regard thereto (paragraph 87b, at page 94). This specific example of the purpose of revision proceedings indicates clearly that Congress contemplated recourse to such proceedings for that purpose, in the practice under the Uniform Code of Military Justice. At the same time Congress took care to confine the proceedings to narrow limits. It explicitly directed that revision be utilized only if it appeared the court-martial could reconsider the issue "without material prejudice" to the accused. See also United States v Field, 5 USCMA 379, 384, 18 CMR 3. This limitation plainly indicates that revision proceedings are not appropriate in all instances and under all circumstances involving an error in the admission of evidence of previous conviction. As this Court pointed out in United States v Richard, 7 USCMA 46, 21 CMR 172, evidence of accused's commission of a previous offense may make such an impression on the court members as to make it unlikely they could thereafter disregard the offense, even when instructed to do so. In that circumstance, revision proceedings cannot, as required by Article 62, rectify the error "without material prejudice" to the accused. Appellate defense counsel contend the previous conviction in issue made that kind of an inerasable impression.

The inadmissible conviction, say appellate defense counsel, portrayed the accused as "a three-time loser"; and this picture of hardened recidivism could hardly be obliterated or softened by an instruction to disregard. The argument is forceful, but the facts upon which it is predicated are weak.

It is true, as appellate defense counsel note, that in his final argument on the sentence, trial counsel referred to the fact that the offense for which the accused stood convicted was not his "first problem with military justice" but his third. This emphasis seems to assign a prominent role to the 1961 offense; and an emphasis of this kind by Government counsel is indeed a factor in evaluating the probable impact of the previous offense upon the court members. United States v Conrad, 14 USCMA 344, 347, 34 CMR 124. Reading all of trial counsel's remarks, however, leads to the conclusion that his argument did not indicate that the previous offenses deserved special attention and consideration, in aggravation of accused's latest wrong. The argument was not directed to recidivism. Twice, trial counsel told the court members he felt it would be presumptuous of him to recommend or propose any punishment. He emphasized that the decision rested exclusively upon the mature opinion and experience of the court members. As a whole, trial counsel's remarks cannot fairly be construed to increase the impact of the evidence. The question then is whether the evidence by itself was so vital as to survive an instruction to disregard. See United States v Justice, 13 USCMA 31, 41, 32 CMR 31; United States v Richard, supra.

The earlier offense was committed more than three years previous to the one for which the accused was on trial. The nature of the wrong, the court to which the charge was referred, and the punishment adjudged were all minor. Since that conviction, the accused had earned an honorable discharge, and had been allowed to reenlist for another four-year period. In the first part of

his new enlistment he served without incident. The offense was unrelated to the circumstances surrounding the unauthorized absence which led to the present trial. This last is especially important because the accused strongly relied upon these circumstances in mitigation of the wrong. These factors served to make the 1961 offense purely incidental to the sentence. It seemed to be in the case only because it was, as trial counsel noted, a part of the formal "extract" of the accused's "military records of previous convictions." The situation, therefore, gave reasonable assurance that if the case was returned to the court-martial, it could put aside consideration of the previous conviction and deliberate impartially on the sentence. See United States v Shamlian, 9 USCMA 28, 31, 25 CMR 290. True, the court-martial adhered to its original sentence; but its failure to reduce the punishment does not necessarily indicate it was unable to disregard the inadmissible evidence. We have pointed out that the 1961 offense was so minimal a factor in aggravation that the court-martial might well have disregarded it in its initial deliberations. In any event, as long as the evidence was not so inflammatory or prejudicial as to present a fair risk that its influence subsisted after instructions to disregard, the court-martial was not bound to reduce the sentence just because an error had been made. Cf. United States v Stene, 7 USCMA 277, 22 CMR 67.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.