**UNITED STATES**

v.

**Airman First Class Michael L. STARUS-KA, FR 455–94–1265, 50th Ammunition Supply Squadron, United States Air Forces in Europe.**

**ACM S24521.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 April 1977.

Decided 10 Nov. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Paul L. Black.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, FORAY and HERMAN, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by special court-martial, the accused was convicted, pursuant to his pleas, of stealing 300 Deutsche Marks, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months and reduction to airman basic.

Appellate defense counsel assign one error for our consideration:

The Military Judge erred to the substantial prejudice of the accused by improperly instructing the Court on how to reconsider a sentence.

We disagree.

At trial, after the members were correctly instructed on voting procedures, the following colloquy ensued:

MAJ

HAGEN I have one question, and I don't know I have it clear in my own mind. Once you have reached two-thirds majority, that's the final vote. You cannot go back and revote.

. . . . .

MJ I think, as I told you, you may have discussion before and after voting. We are not talking about findings. We are talking about sentencing. Remember you start with the lightest. I don't see any reason why you can't go back to the lightest if you want to try to get another vote. Re-discussion can precede or come after voting. You can discuss it while it's going on. There's no provision for reballoting, if that's your question, if that's what you're asking.

MAJ

HAGEN That's what I'm asking about.

MJ There's no provision for reballoting on sentencing. I think what the instructions are trying to tell you is that try and have your discussions prior to proposing any sentencing and then throw out your proposals. If after comparison of views and repeated voting for a reasonable period, in accordance with these instructions, your differences are found to be irreconcilable you should open the court and the President may then announce, in lieu of formal sentence, that the required fraction of members are unable to agree upon a sentence. I think that means, gentlemen, you can vote and vote on the sentence, and also pointing out again, discussion may follow as well as precede the voting. I see no reason why the court cannot go back and look at the lightest sentence if they want so long as you start with the lowest and move toward the maximum, the most severe.

MJ Any objection to what I have instructed the court?

TC No, your honor.

DC No, your honor.

The court then closed and subsequently announced the sentence as shown above.

Some weeks later, the convening authority, upon notification by the trial counsel, discovered the "apparently ambiguous presentencing instruction" and directed a proceeding in revision to "allow the military judge the opportunity to clarify his response to the questions posed by Major Elroy L. Hagen."

At the proceeding in revision, the military judge read the question and the erroneous instruction, and then gave the correct instruction for reconsideration of a sentence. He then instructed the members that they were to go into closed session and determine whether there was to be a request to reconsider the sentence. The court members were given three options: (1) to report that there was no request to reconsider the sentence; (2) to vote to reconsider the sentence; and (3) to vote to adhere to the previously announced sentence. The military judge also instructed the members that the maximum sentence to be considered was that adjudged at the previous session.

After deliberating in closed session, the president reported that no request was made to reconsider the sentence.

With the record in this posture, appellate defense counsel assert that the erroneous instruction gave rise to a fair risk that the accused's sentence was unlawfully increased, and that revision proceedings were not the proper means of correcting the instructional error.

■ At the outset, we note that this instruction was not required at that stage of the proceeding. Such an instruction would be pertinent only if the court members had arrived at a sentence, and then wished to reconsider it. It was, nonetheless, clearly erroneous as given. A court-martial may reconsider a sentence with a view towards decreasing it by "any lesser vote which indicates that the reconsideration is not opposed by the number of votes required for that finding or sentence." Code, supra, Article 52(c); see also, Manual for Courts-Martial, 1969 (Rev.), paragraph 76*d*. The instruction here, in effect, told the members that they could reconsider any sentence reached by a two-thirds majority simply by deciding to revote on another sentence, but that the revoting would begin with the lightest proposed sentence and proceed upwards until a two-thirds majority was again reached. In theory, at least, the accused would, had this procedure been followed, have had "two bites at the sentencing apple." [1]

Under these circumstances we see no fair risk that "the error materially prejudice[d] the substantial rights of the accused." Code, supra, Article 59(a); see *United States v. Pierce*, 19 U.S.C.M.A. 225, 41 C.M.R. 225 (1970).

■ However, this does not end our consideration, for afterwards there was the proceeding in revision. The Code provides that a proceeding in revision may be ordered "where there is an apparent error or omission in the record or where the record shows improper or inconsistent action by a court-martial with respect to a finding or sentence which can be rectified without material prejudice to the substantial rights of the accused." Code, supra, Article 62(b). But, such a proceeding may not be held for the purpose of increasing the severity of the sentence unless the sentence prescribed for the offense is mandatory. Ibid.; see also Manual, supra, at paragraph 80. "What is intended to be accomplished in revision proceedings is . . . correction of the record to reflect unintended omissions, to clarify ambiguities, and to correct improper or illegal sentence announcements, the alteration of which does not materially prejudice the substantial rights of the accused." *United States v. Roman*, 22 U.S.C.M.A. 78, 46 C.M.R. 78, 81 (1972).

■ Proceedings in revision have been used for various reasons. See generally *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969); *United States v. Robinson*, 4 U.S.C.M.A. 12, 15 C.M.R. 12 (1954); *United States v. Liberator*, 14 U.S. C.M.A. 499, 34 C.M.R. 279 (1964); *United States v. Carpenter*, 15 U.S.C.M.A. 526, 36 C.M.R. 24 (1965); *United States v. Barnes*, 21 U.S.C.M.A. 169, 44 C.M.R. 223 (1972). However, such a proceeding may not be used to correct instructional error such as failure to instruct on the elements of proof of an offense, *United States v. Stubblefield*, 2 C.M.R. 637 (A.F.B.R.1951); *United States v. Worsham*, 10 C.M.R. 653 (A.F.B.R.1953), or on the elements of a lesser included offense, *United States v. Evans*, 5 C.M.R. 585 (A.F.B.R.1952).

■ As shown above, the instructional error was not, under the peculiar circumstances of this case, prejudicial to the rights of the accused. What is left for our determination is the effect of the proceeding in revision on the rights of the accused.[2]

1. The real danger in such an instruction is that it could cause endless voting and a "hung jury" if some members of the court were so resolved. Additionally, it violates Article 53: "A court-

martial shall announce its findings and sentence to the parties as soon as determined."

2. A substantive error in the trial cannot be corrected by a proceeding in revision, *United*

Since the court was properly instructed and offered the opportunity to reconsider its sentence, and since the members chose not to do so, we find no prejudice to the accused. The net result is that the court merely had an additional opportunity to reaffirm their first sentence. Under these circumstances, we find no prejudicial error.[3]

The findings of guilty and the sentence are

AFFIRMED.

FORAY and HERMAN, JJ., concur.

*States v. Stubblefield*, 2 C.M.R. 637 (A.F.B.R. 1951) nor can there be a *nunc pro tunc* addition for the omission of an essential item, *United States v. Roman*, 22 U.S.C.M.A. 78, 46 C.M.R. 78 (1972), and cases cited therein; *United States v. Kaetzel*, 48 C.M.R. 58 (A.F.C.M.R. 1973). Normally an instruction on reconsideration/reballoting is not given prior to closing. Here, Major Hagen did request such an instruction, but the request was made on a hypothetical basis rather than in response to a situation which developed in closed session. Had the latter been the case, the error would have been of greater magnitude, and our resolution would be different. Here, since the error in instruc-

tion related to a possible situation which did not materialize, we conclude it was harmless. The court members had not "already deliberated and decided on a punishment without proper guidance from the military judge." *United States v. Roman*, supra, at 81. We consider *this* to be the significant difference. Had the reverse been true, then a rehearing on sentence would have been necessary.

3. In light of our disposition of the asserted error we find it unnecessary to consider the affidavit submitted by appellate government counsel.