# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, PENLAND, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Major DAVID J. RUDOMETKIN**
**United States Army, Appellant**

ARMY 20180058

Headquarters, U.S. Army Aviation and Missile Command
Richard J. Henry, Military Judge (trial)
Jeffrey R. Nance, Military Judge (post-trial motion hearing)
Douglas K. Watkins, Military Judge (post-trial motion hearing)
Lieutenant Colonel Anthony C. Adolph, Staff Judge Advocate (pretrial)
Colonel Martha L. Foss, Staff Judge Advocate (post-trial)
Lieutenant Colonel Daniel Derner, Staff Judge Advocate (new review and action)

For Appellant: Captain Andrew R. Britt, JA; Jonathan F. Potter, Esquire; Philip D. Cave, Esquire (on brief, reply brief, and petition for new trial).

For Appellee: Colonel Christopher B. Burgess, JA; Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Pamela L. Jones, JA (on brief and brief in opposition to petition for new trial).

17 April 2024

---

MEMORANDUM OPINION ON REMAND AND
ACTION ON PETITION FOR NEW TRIAL
ON RECONSIDERATION

---

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

This case is before us on remand from our superior court for further Article 66, Uniform Code of Military Justice, review. [1] We address the issue of whether the

---

[1] On 22 February 2024, this court issued a Memorandum Opinion on Remand and Action on Petition for New Trial in this case. On 25 March 2024, Appellant filed a

(continued . . .)

military judge lawfully used a proceeding in revision to address a post-trial challenge to the statute of limitations for three specifications of rape of which appellant had been convicted and subsequently revise appellant's sentence upon dismissing two specifications of rape. We hold that the military judge—while improperly characterizing the post-trial hearing as a proceeding in revision—possessed the authority to hold the hearing and affirm the findings and sentence.

## BACKGROUND

### A. Appellant's Offenses

Appellant's offenses occurred during the course of two marriages and two short-lived intimate relationships that spanned a period of fifteen years.[2] He was charged with rape, sexual assault, and assault consummated by a battery upon his first wife and aggravated sexual assault of his second wife. He was also charged with assault consummated by a battery, during sexual intercourse, upon a female with whom he had an intimate relationship. Lastly, appellant was charged with three specifications of conduct unbecoming an officer for engaging in extramarital sexual relationships with three women.[3]

On 2 February 2018, a military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of rape occurring prior to 1 October 2007, two specifications of aggravated sexual assault occurring between 1 October 2007 and 27 June 2012, one specification of assault consummated by a battery, and three specifications of conduct unbecoming an officer and gentleman, in violation of Articles 120, 128, and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, and 933 [UCMJ]. The military judge sentenced appellant to a dismissal and twenty-five years' confinement.

---

(. . . continued)
Motion for Reconsideration of that opinion. The court granted Appellant's Motion for Reconsideration on 2 April 2024.

[2] Our discussion of the facts and circumstances surrounding appellant's convictions is limited to those facts and circumstances necessary to resolve the issue addressed herein.

[3] Appellant's second wife left their marital home in August 2011 but the two of them remained married until they divorced in June 2016. During the time that appellant remained married to his second wife, he engaged in sexual relationships with his ex-wife and two other females spanning a time frame from February 2013 until November 2015.

Four days after appellant's trial, the Court of Appeals for the Armed Forces (CAAF) decided *United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018) (holding that the death penalty is not a constitutionally available punishment for the offense of rape, therefore, the offense of rape was *not* exempt from the five-year statute of limitations under Article 43, UCMJ, if the offense occurred prior to 1 October 2007) (emphasis added). On 12 March 2018, the military judge held a post-trial Article 39(a), UCMJ, session, at appellant's request, based upon CAAF's *Mangahas* decision and its potential impact on rape offenses for which appellant was convicted. Based upon the *Mangahas* decision, the military judge dismissed two specifications of rape of which appellant had been convicted, occurring in 1999 and 2000, since the statute of limitations expired prior to those offenses being charged.[4] The military judge then denied appellant's request for a mistrial as to sentencing and appellant's motion for the military judge to disqualify himself for resentencing. Acting pursuant to Rule for Courts-Martial (R.C.M.) 1102, the military judge resentenced appellant. After hearing only additional sentencing argument, the military judge resentenced appellant to seventeen years' confinement and a dismissal.

In appellant's post-trial submission, under R.C.M. 1105 and 1106, appellant asserted multiple procedural and substantive legal errors with his court-martial. Appellant requested that the convening authority disapprove the findings and the sentence. In the alternative, appellant requested the convening authority reduce his sentence to time served and disapprove the dismissal.[5] The convening authority approved the sentence.

### B. Procedural History

Appellant was arraigned on 8 November 2016 and tried 30 January - 2 February 2018 at Redstone Arsenal, Alabama. During the course of appellant's court-martial, eight pretrial Article 39(a), UCMJ, sessions were conducted from December 2016 through 31 January 2018 for purposes of litigating motions and addressing other pretrial matters. Lieutenant Colonel (LTC) Richard Henry was the military judge at all proceedings in appellant's case to include a post-trial Article 39(a) session on 12 March 2018. At one of these Article 39(a), UCMJ, sessions

---

[4] The military judge dismissed Specifications 1 and 2 of Charge I.

[5] Appellant was convicted of offenses that occurred prior to the changes to Article 60, UCMJ, contained in the National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1702(b), 127 Stat. 672, 955-58 (2013), that served to constrain a convening authority's discretion in acting on the findings and sentence. Thus, the convening authority was not limited in the type of clemency he could grant appellant.

prior to trial, LTC Henry stated on the record that he was not aware of any matter that might be a ground for challenging him as the presiding judge. Neither the prosecution nor the defense challenged or conducted voir dire of the military judge.

On 8 September 2018, at a post-trial Article 39(a), UCMJ, session, appellant requested a mistrial asserting that the military judge should have recused himself from appellant's court-martial. The evidence demonstrated that from the fall of 2016 until he was eventually removed from the bench in April 2018, only a few months after appellant's court-martial, LTC Henry developed a very close and intimate relationship with the wife of a junior officer serving as a prosecutor in his jurisdiction. While there was no direct evidence uncovered that the relationship between LTC Henry and a prosecutor's wife became physically intimate, the investigation concluded "the relationship created [an] appearance of impropriety." Appellant argued at the post-trial hearing that LTC Henry should have recused himself from appellant's court-martial given the similarity between LTC Henry's misconduct and the conduct unbecoming offenses for adultery of which appellant was convicted. The new military judge detailed to appellant's case denied appellant's motion for a mistrial.

In his appeal before this court, appellant raised five assignments of error, having withdrawn one. Appellant also submitted matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Having fully and fairly considered all of appellant's assignments of error—with the exception of the one addressed in this opinion—and the matters personally submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), this court concluded that only one of appellant's assignments of error warranted both discussion and relief. *United States v. Rudometkin*, ARMY 20180058, 2021 CCA LEXIS 596 (Army Ct. Crim. App. 9 Nov. 2021) (mem. op.). Specifically, we addressed appellant's assertion that the military judge should have recused himself from appellant's case because a reasonable person would question the military judge's impartiality given his on-going inappropriate relationship with a prosecutor's wife while presiding over appellant's court-martial involving offenses of conduct unbecoming for engaging in adulterous relationships. *See* R.C.M. 902; *United States v. Kincheloe*, 14 M.J. 40, 50 (C.M.A. 1982) (cleaned up). We held that a reasonable person would question the military judge's impartiality given facts elicited pertaining to the military judge's relationship with a prosecutor's wife during the time of appellant's trial.[6]

---

[6] We applied a plain error analysis in determining whether the military judge was disqualified in appellant's case. *United States v. Rudometkin*, 2021 CCA LEXIS 596, at *9. Since appellant did not challenge LTC Henry until after his trial, we applied the same standard of review as if appellant first raised this issue on appeal.

(continued . . .)

*Rudometkin*, 2021 CCA LEXIS 596, at *14. While we did not find that appellant suffered material prejudice to a substantial right pursuant to Article 59(a), UCMJ, we did hold that the military judge's failure to disqualify himself required a remedy in accordance with *Liljeberg v. Health Services Acquisition Corp.* 486 U.S. 847, 862-64 (1988).[7] We thus set aside appellant's findings and sentence and authorized a rehearing.

The Judge Advocate General of the Army certified two issues in appellant's case to the CAAF. One of those issues was whether the military judge abused his discretion in denying appellant's request for a mistrial and concluding no relief was warranted under *Liljeberg*. *United States v. Rudometkin*, 82 M.J. 396, 400 (C.A.A.F. 2022). The CAAF held that Military Judge Watkins did not abuse his discretion in applying the three factors outlined in *Liljeberg* and concluded that "'a reasonable member of the public, knowing all the facts and circumstances, to include not only this unique relationship, but the sentence, sentence reduction, and crux of the case as well, would not lose confidence in the justice system.'" *Id.* at 402. On 15 August 15, 2022, our superior court reversed this court's decision and returned the record of trial to the Judge Advocate General of the Army for remand to this court for further review under Article 66, UCMJ. *Id.*

When this court conducted its initial Article 66, UCMJ, review of appellant's case we did not review the issue of whether the military judge could, as a matter of law, revise appellant's sentence after dismissing two specifications of rape in a post-trial Article 39(a), UCMJ, session as it was rendered moot in light of our setting aside the findings and sentence.[8] *Rudometkin*, 2021 CCA LEXIS 596, at *4 n.4. Now that appellant's case is back with this court on remand, we will address this issue, finding that it merits discussion but no relief. We also fully and fairly

---

(. . . continued)
We did note, however, that even reviewing this case under an abuse of discretion standard, we would have reached the same result.

[7] We found the third factor of *Liljeberg v. Health Services Acquisition Corp.* dispositive in concluding that a reasonable member of the public would lose confidence in the judicial process given the military judge's failure to disclose his close and intimate relationship with a prosecutor's wife while presiding over appellant's case for similar charges of conduct unbecoming for engaging in adulterous relationships. *Rudometkin*, 2021 CCA LEXIS 596, at *12-14.

[8] While we recognize that appellant requested to withdraw this assignment of error in supplemental briefing, we will address this issue under our plenary review authority under Article 66, UCMJ.

considered appellant's assignment of error on remand and find that it merits neither discussion nor relief.

## LAW AND DISCUSSION

### A. Proceedings in Revision

Proceedings in revision preceded the UCMJ and are only authorized in limited circumstances. *See* Dep't of Army, Pam. 27-175-1, Military Justice Review of Courts-Martial, § 7, (29 Jun. 1962). Congress incorporated proceedings in revision into the Uniform Code of Military Justice in 1950. UCMJ art. 62, 10 U.S.C. § 862 (1950) [UCMJ, 1950]. While the statute only referenced the convening authority's ability to order a proceeding in revision, the 1951 Manual for Courts-Martial provided the court the authority, on its own motion, to order a proceeding in revision. *Manual for Courts-Martial, United States* (1951 ed.) [*MCM*], ch. XV, ¶80.c.

Congress narrowly limited the scope of proceedings in revision by directing that a revision only be utilized in those instances in which a court-martial could reconsider an issue "without material prejudice to the substantial rights of the accused. . . ." *UCMJ* art. 62, 1950. *See also United States v. Carpenter*, 15 U.S.C.M.A. 526, 528-29, 36 C.M.R. 24, 26-27 (1965); *United States v. Roman*, 22 U.S.C.M.A. 78, 79-80, 46 C.M.R. 78, 79-80 (1972). These proceedings are intended for "correction of the record to reflect unintended omissions, to clarify ambiguities, and to correct improper or illegal sentence announcement. . .." *Roman*, 22 U.S.C.M.A. at 81, 46 C.M.R. at 81. The Army Court of Military Review previously held that proceedings in revision are limited to correcting errors that are not substantive. *United States v. Jackson*, 34 M.J. 1145, 1151 (A.C.M.R. 1992) (citation omitted) (holding that "[p]roceedings in revision cannot be used to reopen a case, or to consider newly-discovered evidence and then to change the findings and sentence"). For example, proceedings in revision are not authorized for purposes of reconsidering a finding of not guilty or increasing the severity of an accused's sentence that was erroneously announced by the panel unless the sentence prescribed for the offense was mandatory. UCMJ art. 62, 1950; *see also United States v. Baker*, 32 M.J. 290, 293 (C.M.A. 1991) (holding that "after a court-martial has announced the sentence and adjourned, the sentence cannot be increased upon reassembly" unless the sentence is mandatory). On the other hand, sentences can be corrected downward in proceedings in revision. *Id.* at 292-93. Omitted panel instructions on the sentence has also been held to be "substantially different from the type of corrective action appropriate in revision proceedings." *Roman*, 22 U.S.C.M.A. at 81, 46 C.M.R. at 81 (holding that a fault in instructions is a substantive error not correctable by proceedings in revision) (cleaned up). Use of proceedings in revision to correct substantive errors in instructing the panel on a defense raised by the

evidence has also been held to be an improper use of such proceedings. *United States v. Chandler*, 74 M.J. 674, 684 (Army Ct. Crim. App. 2015).

Congress has left proceedings in revision relatively unchanged since the passage of the UCMJ. At the time of appellant's court-martial in 2018, a proceeding in revision was authorized "to correct an apparent error, omission, or improper or inconsistent action by the court-martial, which can be rectified by reopening the proceedings *without material prejudice to the accused.*" R.C.M. 1102, *MCM*, 2016. In appellant's case, the military judge ordered a proceeding in revision to address a post-trial defense motion for mistrial on three specifications of rape of which appellant had been found guilty.[9] The motion asserted that the statute of limitations had run prior to trial on those specifications given our superior court's decision in *United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018), an opinion released mere days after appellant's court-martial.[10] In *Mangahas*, our superior court held that the death penalty was not a constitutionally permissible punishment for the offense of rape. *Id.* at 224-25. This decision resulted in a five-year statute of limitations for rape offenses that occurred prior to the 2007 Congressional changes to Article 43, UCMJ. *Id.* at 222-25. In this case, appellant was charged with two specifications of rape occurring in 1999 and 2000 which did not reach the summary court-martial convening authority until 2016, several years after the expiration of the five-year statute of limitations.[11] The military judge granted the defense motion for mistrial as to Specifications 1 and 2 of Charge I by setting aside the findings of guilty and dismissing both specifications.

The first issue for this court is whether the military judge erred in using a proceeding in revision to address the defense motion for a mistrial. We find the use of a proceeding in revision to address whether certain specifications had been referred to a court-martial beyond the statute of limitations was not an authorized action within the limitations of a proceedings in revision. We first note that the state of the law at the time of appellant's court-martial was that there was no statute of limitations for the offense of rape. We can only presume that is the reason for the defense failure to raise a statute of limitations issue prior to, and during, the trial

---

[9] "'A proceeding in revision, unlike a mistrial, does not amount to a withdrawal of the charges.'" *United States v. Jackson*, 34 M.J. 1145, 1151 (A.C.M.R. 1992) (quoting *United States v. Wilson*, 27 M.J. 555, 558 (A.C.M.R. 1988)).

[10] This decision was later overruled by *United States v. Briggs*, 141 S. Ct. 467 (2020).

[11] Receipt of sworn charges and specifications by the summary court-martial convening authority tolls the statute of limitations. UCMJ, art. 43(b)(1).

proceedings. Therefore, there was no error for the military judge to correct when the defense filed a post-trial motion to dismiss certain specifications for a statute of limitations issue that arose after the trial due to a newly issued court decision. Under the facts of this case, there was no *error, omission, or improper action* by the court-martial when it occurred that required correction. The military judge's characterization of the post-trial hearing as a "proceeding in revision" was an unauthorized use of such a proceeding and an inaccurate manner of addressing the defense post-trial motion. The binding precedent of this court and our superior court prohibits a proceeding in revision in these circumstances.

### B. *Post-trial Hearing and Motion for Mistrial*

Despite the military judge's improper characterization of the post-trial hearing as a proceeding in revision, we hold that the military judge appropriately held a post-trial Article 39(a) hearing for the purpose of addressing the defense motion for a mistrial. As this court and our sister service courts have recognized, the military judge's characterization of a court session as a proceeding in revision or a post-trial session is not determinative of its nature. *Jackson,* 34 M.J. at 1151 (citing *United States v. Dorsey,* 26 M.J. 538, 540 (A.F.C.M.R. 1988); *United States v. Scaff,* 26 M.J. 985, 988 (A.F.C.M.R. 1988)) (citation omitted).

Rule for Courts-Martial 905(h) generally addresses written motions and states, in part: "[u]pon request, either party is entitled to an Article 39(a) session to present oral argument or have an evidentiary hearing concerning the disposition of written motions." R.C.M. 905(h), *MCM,* 2016. Further, R.C.M. 915(b) states that upon a motion for mistrial "the military judge *shall* inquire into the views of the parties on the matter . . . ." (emphasis added). R.C.M. 915(b), *MCM,* 2016. We also recognize that R.C.M. 1102(b)(2) in effect at the time of appellant's trial authorized a military judge to call an Article 39(a) session for "resolving any matter that arises after trial and that substantially affects the legal sufficiency of any findings of guilty or the sentence." R.C.M. 1102(b)(2), *MCM,* 2016. Our superior court has held that, prior to authentication the record of trial,[12] if

> [A] military judge becomes aware of an error which has prejudiced the rights of the accused – whether this error involves jury misconduct, misleading instructions, *or insufficient evidence* – he may take remedial action on

---

[12] We note this case occurred prior to significant changes in post-trial procedures implemented by Military Justice Act of 2016. *See* National Defense Authorization Act for Fiscal Year 2017, Pub. L. 114-328 §§ 5321-5330 (23 Dec. 2016).

> behalf of the accused without awaiting an order therefor
> by an appellate court.

*United States v. Griffith*, 27 M.J. 42, 47 (C.M.A. 1988) (emphasis in original). *See also United States v. Brickey*, 16 M.J. 258, 263 (C.M.A. 1983) (holding that a military judge "misconceived the scope of the powers available to him after the trial had ended" because "the powers of a military judge do not cease with the court-martial's announcement of the sentence").

Based upon the broad authority given to a military judge by (1) Article 39, UCMJ, to call a court into session, (2) the mandate to inquire into the view of the parties prescribed in R.C.M. 915, and (3) the right to be heard in accordance with R.C.M. 905, the military judge was well within his authority to address appellant's motion for mistrial in a post-trial hearing.

We now turn to whether the military judge erred in his resolution of appellant's motion for mistrial. As our superior court has recognized, "[a] military judge has considerable latitude in determining when to grant a mistrial." *United States v. Diaz*, 59 M.J. 79, 90 (C.A.A.F. 2003) (citation and internal quotations omitted). This court reviews a military judge's decision on whether to grant a mistrial for abuse of discretion. *Id.* (citation omitted).

We hold that the military judge did not abuse his discretion in granting appellant's motion for mistrial as to Specifications 1 and 2 of Charge I by setting aside the findings of guilty and dismissing those two specifications. *See* R.C.M. 915(a) (authorizing a mistrial as to just some of the charges). Based upon our superior court's decision in *Mangahas*, which was the controlling law at the time of the military judge's ruling, the five-year statute of limitations for those specifications had expired by the time those charges were referred to trial in October 2016.[13] The military judge properly denied appellant's motion for mistrial as to Specification 3 of Charge I alleging appellant committed the offense of rape between 1 May 2007 and 30 June 2007. The military judge properly recognized that Congress amended Article 43, UCMJ, effective 1 October 2007, which mandated that there was no statute of limitations for murder, rape, *or any other offense punishable by death*. *See* Pub. L. 109-163, §553(a), 119 Stat. 3264 (2006). Given that this statutory language specifically outlined rape as an offense with no statute of limitations, the rape offense for Specification 3 which was alleged to have occurred was beyond the scope of the decision in *Mangahas*. The military judge properly

---

[13] Specification 1 alleged the offense of rape occurring in October 1999 and Specification 2 alleged the offense of rape occurring in November 2000.

applied the state of the law at the time of his ruling and did not abuse his discretion in dismissing Specifications 1 and 2 of Charge I.

### C. Revision of Appellant's Sentence

We must now consider whether the military judge erred by correcting appellant's sentence during the post-trial hearing.[14] We find no error in the military judge's revising appellant's sentence during the post-trial Article 39(a) after having set aside findings of guilt on two specifications of rape. Even if the military judge erred, appellant did not suffer any prejudice.

Once the military judge set aside the findings of guilty as to two specifications of rape, there was a substantial issue as to the previously imposed sentence of a dismissal and twenty-five years confinement which accounted for two dismissed specifications of rape. We find this constituted a matter that substantially affected the sentence and required remedial action. Defense counsel objected to the military judge revising appellant's sentence without a new sentencing hearing. Defense counsel further requested the military judge recuse himself from imposing a new sentence given he had heard evidence of the dismissed rape offenses. The military judge denied both requests. In ruling on the motion for a new sentencing hearing, the military judge properly noted on the record that because the post-trial session was convened under R.C.M. 1102, appellant's sentence could only be decreased. R.C.M. 1102(c)(3), *MCM*, 2016. We note that defense counsel did not assert any erroneously admitted evidence or other substantive errors in the sentencing proceedings as justification for a new sentencing proceeding. In denying the recusal request, the military judge stated that he would disregard all evidence and testimony in both findings and presentencing proceedings pertaining to the two dismissed rape offenses. *See United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citation omitted) ("Military judges are presumed to know the law and to follow it absent clear evidence to the contrary."). The military judge did not allow the parties to present any new testimony or evidence before determining appellant's sentence. However, the military judge did allow both parties to argue anew as to what an appropriate sentence was given the change in appellant's convictions. The

---

[14] We note that at certain points in the appellate briefs both parties characterize the military judge's sentence revision as a "reassessment." Historically, sentence reassessment is a principle applicable only to appellate authorities such as prior boards of review and, currently, courts of criminal appeals. *See* UCMJ art. 66; *Jackson v. Taylor*, 353 U.S. 569, 577 (1957); *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). In limited circumstances, convening authorities have also been authorized to reassess a sentence when authorized by a superior competent authority. R.C.M. 1107(e)(2)(B)(iii), *MCM*, 2016.

military judge then sentenced appellant to a dismissal and seventeen years confinement, thereby reducing appellant's confinement by eight years.

We find that the military judge acted within his authority pursuant to R.C.M. 1102(b)(2) to correct appellant's sentence. While this case involved an unusual situation of a military judge setting aside findings of guilty in a post-trial session, once that occurred the military judge prudently addressed the issue of appellant's sentence. Certainly, the original adjudged sentence could not stand when it included consideration of two rape offenses, subsequently dismissed, of which each carried a life sentence. We have previously "endorse[d] such initiative-taking by military judges" finding that "[s]uch an approach is crucial in our justice system, which favors resolution of disputed issues at trial." *United States v. Chandler*, 74 M.J. 674, 683-84 (Army Ct. Crim. App. 2015) (commending a military judge's efforts in holding a proceeding in revision to address a panel instructional error in sentencing but reversing because the military judge's actions amounted to a sentencing rehearing before the same panel in violation of Article 63, UCMJ).

We further find that the military judge did not abuse his discretion in denying appellant's request for a mistrial as to the sentence and revising appellant's sentence during the post-trial session. A mistrial should only occur "when such action is manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings." R.C.M. 915(a). It is a "drastic remedy" that should only be necessary "to prevent a miscarriage of justice." *United States v. Harris*, 51 M.J. 191, 196 (C.A.A.F. 1999) (quoting *United States v. Garces*, 32 M.J. 345, 349 (C.M.A. 1991)) (internal quotation marks omitted). "'Manifest necessity' is not a clearly defined concept in military jurisprudence." *United States v. Cabrera*, 83 M.J. 562, 571 (N.M. Ct. Crim. App. 2023). However, our superior court has provided some guidance by identifying a non-exhaustive list of factors in determining whether manifest necessity exists: "the timing of the incident leading to the question of a mistrial, the identity of the factfinder, the reasons for the mistrial, and potential alternative remedies; but, most importantly, the desires of and the impact on the defendant." *Harris*, 51 M.J. at 196 (citation omitted). In this case, the incident leading to the request for a mistrial for sentencing occurred after adjournment of the court-martial because of a higher court decision. The reason for the defense request for a mistrial was based solely upon the dismissal of two offenses and not due to errors or improperly admitted evidence during the presentencing hearing. A military judge served as the fact finder for the court-martial and is presumed to follow the law and be able to disregard evidence that should not be considered for purposes of adjudging an appropriate sentence. Considering there was no alleged error that occurred during the presentencing hearing and the factors outlined by our superior court, we do not find that a mistrial for sentencing was manifestly necessary. As such, the military judge did not abuse his discretion in denying the defense request for a mistrial as to sentencing.

11

We also find appellant was not prejudiced by the military judge's revising appellant's sentence. Appellant had been afforded a presentencing hearing in which he presented matters in mitigation and extenuation. We find no substantive errors in appellant's presentencing proceedings before the military judge. We also note that on appeal before this court, appellant has not asserted any prejudice due to the military judge's sentence revision. Further, the military judge made clear on the record that he would disregard all evidence and testimony, both on findings and during the presentencing proceedings, that pertained to the dismissed rape specifications. After dismissal of two specifications of rape, appellant remained convicted of one specification of rape, two specifications of aggravated sexual assault, one specification of assault consummated by a battery, and three specifications of conduct unbecoming an officer for extra-marital sexual relationships. Appellant received a one-third reduction in his sentence to confinement when the judge revised his confinement from twenty-five years to seventeen years. Since there were no substantive errors in appellant's sentencing hearing and he received an eight-year reduction in his sentence, appellant was not prejudiced by the military judge's action in revising his sentence.[15]

### D. Convening Authority Action

Even if the military judge erred and should have sent appellant's record to the convening authority for action without revising appellant's sentence, the convening authority ratified the military judge's actions in approving the revised adjudged sentence.[16] *See United States v. Kelly*, 14 M.J. 196, 198 (C.M.A. 1982).

Appellant's post-trial submission asserted that the military judge erred in failing to recuse himself from acting on appellant's sentence once he had dismissed two specifications of rape. Appellant argued that the military judge should have declared a mistrial as to the sentence and sent the case to the convening authority to order a sentence rehearing. The convening authority considered appellant's post-

---

[15] We acknowledge that there are limited circumstances in which a sentence can be reconsidered after it has been announced in open court and none of those circumstances apply in this case. R.C.M. 1009, *MCM*, 2016. However, we do not view the military judge's actions as a sentence reconsideration under these facts.

[16] We review a convening authority's denial of a request for rehearing and a decision to approve the findings and sentence for an abuse of discretion. *United States v. Hull*, 70 M.J. 145, 153 (C.A.A.F. 2011); *United States Lofton*, 69 M.J. 386, 391 (C.A.A.F. 2011). We do not address whether the convening authority abused his discretion in taking action on appellant's sentence as appellant did not raise that issue.

trial submissions in which he asserted this error along with several other legal errors arguing he was denied a fair trial. Appellant requested the convening authority disapprove the findings and sentence and requested a rehearing or, in the alternative, appellant requested his sentence be reduced to time served and disapproval of the dismissal.[17] The convening authority considered his broad range of options which included disapproving the sentence in whole or in part, mitigating the sentence, or changing the punishment as long as there was no increase in the severity of the punishment. R.C.M. 1107(d), *MCM*, 2012. The convening authority also had the option of ordering a rehearing as to some or all of the findings and sentence or a rehearing as to only the sentence. R.C.M. 1107(e), *MCM*, 2012. The convening authority chose to approve the revised adjudged sentence.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED. The Petition for New Trial is DENIED.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[17] Appellant's post-trial submissions dated 24 April 2020 and 20 December 2018.