UNITED STATES, Appellee,

v.

Specialist Four Eddie J. COLEMAN, SSN 456–04–9806, United States Army, Appellant.

SPCM 16654.

U. S. Army Court of Military Review.

10 Dec. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Donna L. Chapin, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for appellee.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

COHEN, Judge:

At about 0830 hours on the day the appellant was arrested, his company commander was informed by the first sergeant that a confidential informant had seen drugs in the appellant's automobile. The informant, known to the commander to be a good soldier, refused to make a sworn statement or to otherwise publicly acknowledge the information. The commander contacted a representative of the staff judge advocate's office. It was decided that there was insufficient information to justify the issuance of a search warrant, but that the appellant should be contacted to determine if he would consent to a search of his vehicle. An attempt was made to have the appellant report to the commander's office at about 1100 hours, but his duty section reported that he was away from his work site. At 1300 hours the appellant reported to the orderly room and was told to wait. The company commander then contacted the staff judge advocate's representative who arrived in the area approximately one hour later. In the presence of this officer and the first sergeant the accused was warned of his rights, and asked if he would consent to a search of his automobile. He voluntarily agreed to permit the search of his vehicle. Coordination had been made with appropriate police officials who were standing by. The appellant and his commander walked directly to the car. The others followed a short time later.

When appellant and his commander arrived at the car, appellant was directed to unlock and open the doors and trunk. While the commander was standing on the right side of the vehicle, the appellant opened the doors on the left side, reached into the interior, and picked up a field jacket. He was told to replace it and in so doing he bent down close to the floor boards of the interior and appeared to be fumbling with something. He was then told to step back, away from the car. It was at this time that the police arrived. A search of the interior of the car produced several partially burnt marihuana cigarettes. One of the officers noticed an object under the car as he was preparing to depart and notified one of the police who retrieved it. The item found was a small, black, plastic bag containing a pistol, some marihuana mixed with phencyclidine (PCP), and a small scale. The appellant admitted that the bag was his and likewise its contents, but not the PCP. He claimed that the bag had been stolen from his off-post residence about a week earlier and because it contained marihuana he did not report the theft to the police.

On appeal, as at trial, appellant claims that the search and seizure of the black bag was improper. Additionally, he renews his claim that the failure to disclose the identity of the informant prejudiced his ability to present a defense.

■■■ We agree with the special findings of the military judge that the appellant removed the handbag from the automobile and hid it underneath the passenger compartment. Appellant urges us to consider that act as a withdrawal of consent to search and that by attempting to hide the handbag he was asserting his expectation of privacy. We find that argument to be without merit. One who voluntarily consents to a search may withdraw such consent before the search has begun or while it is in progress. *United States v. Cady,* 22 U.S.C.M.A. 408, 47 C.M.R. 345 (1973); *United States v. Castro,* 23 U.S.C.M.A. 166, 48 C.M.R. 782 (1974). However, there must be some communication understandable to

those conducting the search that the consent has been withdrawn. Here, there was no withdrawal of consent, rather it was an unsuccessful attempt to abandon incriminating evidence by placing it outside the area covered by his consent. This situation is no different than those where one drops items while being chased or throws items out of a window. A person who voluntarily discards contraband cannot complain that the police discovered the abandoned property and used it against him. *See Abel v. United States,* 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *United States v. Edwards,* 3 M.J. 921 (A.C.M.R.1977); *United States v. Kozak,* 9 M.J. 929 (A.C.M.R.1980) (per O'Donnell, J., dissenting), *affirmed,* 12 M.J. 389 (C.M.A.1982).

Appellant's claim that the failure to disclose the identity of the informant was error is likewise without merit. Trial defense counsel theorized that a soldier named Pearson had a grudge against the appellant, placed the bag under the car, and then informed the unit of appellant's possession of contraband. That this was nothing more than speculation is borne out by counsel's statements "If he [Pearson] is not the confidential informant, Your Honor, my theory of the case is irrelevant." Prior to trial Pearson was not interviewed by the defense. However, during a recess granted by the military judge to give the defense an opportunity to investigate its theory, he was contacted. This resulted in a stipulation of expected testimony, offered by the defense and admitted into evidence, that Pearson denied being the one who informed the commander that the appellant was in possession of contraband. Trial defense counsel then attempted to question the commander to determine if Pearson was indeed the person who reported appellant's possession of drugs. The military judge refused to permit the question and ruled that the defense had not presented a sufficient basis to establish that the disclosure of the informant's identity was necessary.

■■■ Citizens have a duty to report criminal activity of which they are aware. To encourage them in the performance of

this duty, the Government has a qualified privilege not to disclose the identities of its informants. *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, 644 (1957); Military Rules of Evidence 507(a). The privilege yields where knowledge of the informant's identity "is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause...." *Roviaro, supra,* 353 U.S. at 61, 77 S.Ct. at 628, 1 L.Ed.2d at 645. Where the informant is a participant in the offense, such as a purchaser of contraband, the accused generally has a right to know his name. *United States v. Hawkins,* 6 U.S.C.M.A. 135, 19 C.M.R. 261 (1955); *United States v. Snead,* 45 C.M.R. 382 (A.C.M.R. 1972). However, when the informant is a mere tipster who furnished information which triggered an independent investigation of an accused's criminal activity, disclosure is not required. *United States v. Bennett,* 3 M.J. 903 (A.C.M.R.1977), *motion for leave to file petition denied,* 4 M.J. 254 (C.M.A.1978); *United States v. Corkill,* 2 M.J. 1118 (C.G.C.M.R.1976). The military judge found that the confidential informant only supplied information which led the government to the appellant and was not involved in any negotiation with the appellant. He further found that disclosure of the confidential informant's identity was not necessary to the defense's preparation of a defense. We agree on the basis of Military Rule of Evidence 507(c)(2).

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge NAUGHTON concur.