*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

### UNITED STATES
Appellee

**v.**

### Jeffrey G. EUGENE, Private First Class
United States Army, Appellant

**No. 18-0209**

Crim. App. No. 20160438

Argued September 12, 2018—Decided October 29, 2018

Military Judge: Mark A. Bridges

For Appellant: *Captain Benjamin A. Accinelli* (argued); *Colonel Elizabeth G. Marotta, Lieutenant Colonel Christopher D. Carrier, Major Julie L. Borchers, and Captain Daniel C. Kim* (on brief).

For Appellee: *Captain Marc B. Sawyer* (argued); *Lieutenant Colonel Eric K. Stafford and Captain Catherine M. Parnell* (on brief).

Chief Judge STUCKY delivered the opinion of the Court, in which Judges RYAN, OHLSON, SPARKS, and MAGGS, joined.

————————

Chief Judge STUCKY delivered the opinion of the Court.[1]

Appellant's wife gave investigators at Criminal Investigation Command (CID) third party consent to search Appellant's phone while he was away on a field exercise. Appellant maintains that he effectively revoked that consent upon his return, rendering the evidence derived from a subsequent digital forensic examination the product of an unauthorized and warrantless search. We granted review to determine whether the military judge erred by concluding that

---

[1] We heard oral argument in this case at the United States District Court for the Southern District of New York, located in New York, New York, as part of the Court's Project Outreach. This practice was developed as a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

Appellant did not revoke his wife's consent to search and, if so, whether the evidence obtained from Appellant's phone was nevertheless admissible under the inevitable discovery doctrine. Given the deference we afford a military judge in reviewing his decision on a motion to suppress, we hold that the military judge did not abuse his discretion when he found that Appellant failed to revoke his wife's consent to search. We therefore need not reach the second issue.

## I. Procedural History

A military judge sitting alone as a general court-martial convicted Appellant, contrary to his pleas, of two specifications of attempted viewing of child pornography and four specifications of attempted sexual abuse of a child, in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2012 & Supp. I 2014). The military judge sentenced Appellant to a dishonorable discharge, confinement for twenty-six months, and reduction to the lowest enlisted grade. The convening authority approved the adjudged sentence, and the United States Army Court of Criminal Appeals (CCA) affirmed. *United States v. Eugene,* No. ARMY 20160438, 2018 CCA LEXIS 106, at *15, 2018 WL 1158293, at *5 (A. Ct. Crim. App. Feb. 28, 2018) (unpublished).

## II. Facts

On June 1, 2015, Appellant embarked on a field exercise with his unit. Before he left, he voluntarily gave his wife, BE, his cell phone, a decision motivated in part by his unit's prohibition on bringing cell phones to the field. He did not place any restrictions on BE's use of the phone. While in possession of Appellant's phone, BE opened the Kik messenger application and discovered that her husband had exchanged messages, nude photos, and videos with a number of other women, some of whom BE suspected were underage.

After discovering these inappropriate communications, BE reported Appellant's behavior to his platoon sergeant, who, after receiving screenshots of Appellant's communications, advised BE to report Appellant to the military police. When she did so, the military police directed BE to the CID office, where she met with Special Agent (SA) Gary Nations. BE used her fingerprint to unlock the phone for CID, and told SA Nations that she normally accessed her husband's

phone using either her fingerprint or Appellant's passcode. In addition to giving her written consent to search Appellant's phone,[2] BE also gave a sworn statement describing the communications she saw between Appellant and several apparently underage girls.

That day, SA Nations placed Appellant's phone in airplane mode and conducted a logical extraction of its contents. The logical extraction did not yield any information of evidentiary value related to Kik, likely because, by placing the phone in airplane mode, SA Nations broke the connection to the Kik server on which the messages and images were stored.

On June 5, 2015, SA Nations interviewed Appellant. During the course of this interview, Appellant confessed to using Kik to communicate with teenage girls, admitted that he exchanged nude photographs with them, and submitted a sworn statement to that effect. Appellant also provided SA Nations with his email address, user name for Kik, and password for Kik. At the conclusion of the interview, Appellant asked that his cell phone be returned. SA Nations denied that request. The phone was retained by CID and placed in the queue for digital forensic examination.

Months later, CID finished its digital forensic examination of Appellant's phone. This examination was more thorough than the logical extraction, and yielded evidence that formed the basis of the charged misconduct.

At trial, Appellant moved to suppress the results of the digital forensic examination. The military judge denied this motion, in relevant part, on the basis that Appellant's request that his phone be returned constituted an attempted withdrawal of consent to seize, but did not amount to a withdrawal of consent to search.

### III. Law and Discussion

We review a military judge's denial of a motion to suppress for an abuse of discretion, viewing the evidence in the light most favorable to the prevailing party. *United States v.*

---

[2] Appellant concedes that "[t]he search of the phone that occurred before his revocation is not challenged in this case."

*Hoffmann*, 75 M.J. 120, 124 (C.A.A.F. 2016). A military judge abuses his discretion when his findings of fact are clearly erroneous or he misapprehends the law. *United States v. Clayton*, 68 M.J. 419, 423 (C.A.A.F. 2010). We recognize that "[t]he abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (internal quotation marks omitted) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)).

Even assuming arguendo that Appellant possessed the power to revoke the consent given by his wife to search his phone, the *sole* question we must answer is whether he actually did so. This Court has held that "[a]fter receiving formal written consent to make a search, a policeman is entitled to clear notice that this consent has been withdrawn." *United States v. Stoecker*, 17 M.J. 158, 162 (C.M.A. 1984). In other words, "there must be some communication understandable to those conducting the search that the consent has been withdrawn." *United States v. Coleman*, 14 M.J. 1014, 1016 (C.M.A. 1982). We agree with the United States Court of Appeals for the Eighth Circuit that while "magic words" are not required to effectuate withdrawal of consent, an accused must make his intent clear through some unequivocal act or statement. *United States v. Gray*, 369 F.3d 1024, 1026 (8th Cir. 2004) (internal quotation marks omitted) (citation omitted).

In determining whether an accused adequately provided this required notice, we are mindful that this Court has recognized that "search" and "seizure" are separate concepts. *United States v. Wallace*, 66 M.J. 5, 8 (C.A.A.F. 2008). Revoking consent to one does not necessarily revoke consent to the other. *Id*. We agree with those federal circuit courts that have reviewed as a question of fact the issue of whether an accused revoked consent. *See, e.g., United States v. Casellas-Toro*, 807 F.3d 380, 390–91 (1st Cir. 2015); *United States v. $304,980.00 in U.S. Currency*, 732 F.3d 812, 820 (7th Cir. 2013). In the instant case, the military judge found that Appellant "never told SA Nations or anyone else in CID not to search his cell phone or that he refused consent to search his

cell phone." Instead, Appellant merely "asked … if he could have his cell phone back." The military judge further found that "it appears the accused wanted the phone back, most likely so he could continue to use it." The military judge then found that, "[a]t most, the accused's request for the return of his cell phone implicated the seizure of the phone, not the search."

This finding was not clearly erroneous, for it finds support in the record. At no point did Appellant tell agents not to search his phone, and his request came immediately after Appellant willingly gave SA Nations his phone number, email address, user name for Kik, and password for Kik. In possession of Appellant's login credentials and in light of his incriminating admissions, an investigator could well have believed that Appellant would not have objected to a search of his phone (or a digital copy had one been made) had CID agents complied with his request and returned the phone before Appellant left CID that day.

This is especially true given the reason Appellant gave on the stand for asking for his phone back. When defense counsel asked him why he asked for his phone back, Appellant told him that "[i]t's my only phone and we are in the military, it is kind of hard not to have a phone. You miss a lot of appointments and stuff. It was my only phone." While the record is silent as to whether Appellant communicated this rationale to SA Nations at the time of his request,[3] to the extent it was conveyed, it cuts against the notion that Appellant unequivocally expressed disapproval of the search.

Furthermore, our case law supports the military judge's conclusion. For example, in *Wallace*, the appellant consented to a general search of his home and computer but, after leading agents to his computer, objected to its removal. *Wallace*, 66 M.J. at 6. There, this Court held that "[the] objection—'[y]ou can't take it'—clearly embraced the seizure of the computer, and nothing more." *Id.* at 8 (second alteration in original). This case is analogous. We fail to see how the re-

---

[3] Unlike the appellant in *Wallace*, Appellant did not testify as to what he told law enforcement; he instead testified regarding his thought process.

quest in the instant case (e.g., "Can I have my phone back?") somehow revokes consent to search while the demand in *Wallace* ("'[y]ou can't take it'") did not. Reviewing the record as a whole, we cannot say that the military judge clearly erred in finding that Appellant did not objectively and unambiguously revoke his wife's consent to search. As such, we hold that the military judge did not abuse his discretion when he denied Appellant's motion to suppress.

## IV. Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.